### JAMES MURPHY v. ALEXANDER H. MERRITT.

A regular final judgment can not be set aside at a subsequent term on motion, even although it was entered under a misapprehension of counsel.

An appeal from an order to vacate a judgment, leaves such judgment, and any execution issued under it, in full force.

MOTION to set aside a judgment, heard by *Russell, J.*, at Spring Term 1869 of the Superior Court of SAMPSON.

The defendant's counsel moved to set aside a judgment rendered in an action of *trover*, at Fall Term 1867 in favor of the plaintiff. The judgment had been entered by consent of the defendant's counsel. It appeared to the Court that one Merritt had represented to the defendant's counsel that the defendant would be satisfied with this arrangement, provided the costs did not exceed twenty-five dollars; and that, acting upon this statement, the counsel consented to the judgment. It

appeared further that the costs exceeded twenty-five dollars, and that the defendant had never authorized Merritt to instruct his counsel to consent to the judgment.

The Court ordered the judgment in this case to be vacated, and the case to be reinstated on the docket. From this order the plaintiff appealed.

*Strange*, for appellant.
No counsel *contra*.

READE, J. It is settled that a regular final judgment can not be set aside at a subsequent term on motion. The judgment in this case was regular, and had the additional force of being by consent of parties. The fact that the defendant's counsel consented under the false representation of a third person that his client was willing to pay it, makes no difference.

The effect of the appeal from the order vacating the judgment, was to leave the judgment and execution in full force; and the money raised under the execution will be paid over to the plaintiff. There was error. Judgment here for the plaintiff for costs.

PER CURIAM. Judgment accordingly.