MARY LOWERY v. PATRICK LOWERY, and others.

In a petition for Dower, in the County Court, judgment was given that the petitioner was entitled, and an order made for a jury to allot it; upon the return of their report at the next term, a person who claimed to be true heir of the deceased, came in, and suggested that there had been no marriage between the latter and the petitioner; an issue was made up accordingly, and at an ensuing term it was tried, and a verdict given in accordance with the suggestion; upon the petitioner's appealing to the Superior Court, she moved that the report be confirmed; this the Judge declined to do, and ordered another issue to be tried, and petitioner appealed again. *Held* :

1. That the alleged heir could not intervene to have the *judgment* for Dower set aside, as he was no party to the proceedings.

2. That such intervention could not, under the circumstances, be supported as an application by one *aggrieved* by the particular admeasurement, to have it set aside.

(*Stiner* v. *Cawthorn*, 4 D. & B. 501, *Edwards* v. *Bennett*, 10 Ire. 361, *Purvis* v. *Wilson*, 5 Jon. 22, *Jacobs* v. *Burgwyn*, 63 N. C. 196, and *Murphy* v. *Merritt*, Ib. 502 cited and approved.)

DOWER, heard by *Buxton, J.*, at July Special Term 1869, of ROBESON Court.

The proceedings had commenced in the County Court of Robeson at August Term 1856, by a petition on the part of the widow, to which her children were made parties defendants as heirs of Allen Lowery deceased, and *service* had been accepted, and no defence made. The writ of dower thereupon issued, and at February Term 1867 a report was made allotting dower, and no exception was filed by the defendants. At that Term one Goins and his wife, filed a petition verified by affidavit, that Mrs. Goins was a daughter of the deceased, and had not been made a party to the proceedings, and charging that the petitioner never had been married to the deceased, and therefore was not entitled to dower; upon this an issue was made up, and being continued, was brought to trial at August Term 1867, and thereupon a verdict found, that the petitioner had not been married to the deceased. Judgment was given " accordingly," and the petitioner appealed.

At the above mentioned Term of the Superior Court, the petitioner moved that the report of the jury should be confirmed, and the defendants did not object; but, at the instance of the said Goins and wife, the Court refused to make an order of confirmation, and directed an issue, "whether Elizabeth Goins, wife of William Goins, is one of the heirs at law of said Allen Lowery, deceased," to be submitted to a jury.

The petitioner appealed.

Rodman, J.   At August Term 1866 of Robeson County Court, Mary Lowery filed her petition against Patrick Lowery and others, described as the children and heirs of Allen Lowery, praying that dower might be assigned to her as his widow, in certain lands.   It does not positively appear that any judgment for dower was entered on the records of the Court.   The Clerk however, issued a writ, tested on the 4th Monday of November 1866, commanding the Sheriff to summon a jury to assign the petitioner dower, and in this writ he recited the filing of the petition, "and it was ordered by the Court that a writ of dower should be issued to the Sheriff in her behalf,"&c.   At February Term 1867 the Sheriff returned the writ, and a report of the jury assigning dower.   At the same Term, William Goins and Elizabeth his wife, filed a plea alleging that she is heir of the deceased, and that there never was a marriage between him and the petitioner.   Thereupon, at the next Term, a jury was empannelled who found that the petitioner was not the wife of the deceased.   "Judgment is given accordingly" and the Petitioner appealed.   In the Superior Court the petitioner moved for a confimation of the report; this the Judge refused, and directed an issue, whether Elizabeth Goins is the heir of the deceased; from which judgment the petitioner appealed.   This brief abstract of the record is made for the purpose of showing how the case of *Stiner* v. *Cawthorne,*

4 Dev. & Bat. 501, is applicable to it. In that case the Court, by GASTON, J., say: "In a proceeding by petition under the act (Rev. Code ch. 118, s. 2.) as in a writ of dower at common law, the suit for dower is at end by the judgment of the Court awarding dower. This is the *only* judgment to be rendered in that suit; any proceeding to set aside the inquisition, is in the nature of a new suit." He continues: "The appeal taken from the County Court, is not, therefore, an appeal from the judgment in this suit for dower, but merely from the decision made upon the motion" to set aside the inquisition, &c. We think that from the recital in the writ issued by the Clerk, we are bound to presume that there was a judgment that the petitioner was entitled to dower. None but the parties could move at a subsequent term to set aside this judgment for irregularity : *Jacobs* v *Burgwyn*, 63 N. C. 196 ; and if it was a regular judgment, the Court could not set it aside at a subsequent term : *Murphy* v. *Merritt*, 63 N. C. 502.

If therefore we consider the paper filed by Goins as an application to the Court to set aside the judgment of November Term, which the Court granted, it had no power to do so. True, any one aggrieved could except to the admeasurement of dower, (*Stiner* v. *Cawthorne, ubi supra*;) but, conceding that Goins was a party aggrieved, that does not seem to have been the nature of her application, nor would a re-admeasurement, going only to the quantity, benefit her. But if it was in the nature of an exception to the inquisition, the appeal from the judgment on that, did not take up, or avoid the judgment for dower, which, in either view, stands yet in force. The action of the Judge in the Superior Court, was therefore erroneous. Goins, however, does not lose any rights which she may have ; being no party to the action for dower, she is unaffected by it. As to her, it is *res inter alios*. Upon this view of the case, *Edwards* v. *Bennett*, 10 Ire. 361, and *Purvis* v. *Wilson*, 5 Jon. 22, have

no analogy. We refer to them'only to show that they have not escaped our notice.

Let this be certified.

PER CURIAM.                    Judgment reversed.