WALL and LEAK, Ex'rs, v. J. A. COVINGTON, Ex'r.

*Judgment on Official Bond—Amendment.*

1. The judgment in a suit on an official bond should be for the penalty of the bond, to be discharged by the payment of the sum found to be due from the principal obligor.

2. Where, by oversight or mistake, judgment is entered in such case for the sum due by the principal obligor to those putting the bond in suit, the error may be corrected on motion at a subsequent term of the court more than twelve months after the rendition of the judgment.

( *Wolfe* v. *Davis*, 74 N. C., 597 ; *Galloway* v. *McKeithan*, 5 Ired., 12 ; *Pendleton* v. *Pendleton*, 2 Jones, 135 ; *Phillipse* v. *Higdon*, Busb., 380 ; *Farmer* v. *Willard*, 75 N. C., 401, cited and approved.)

MOTION to amend a record heard at Fall Term, 1879, of RICHMOND Superior Court, before *Seymour, J.*

In this action, which was founded on the bond of James A. Covington as administrator of J. P. Covington and Ann C. Leak as executor of John W. Leak, a surety thereto, to recover the distributive shares of the next of kin, a report

of the account of the administration showing assets for distribution to the sum of $5,453.69 was made to the court, and being confirmed, judgment was entered therefor instead of for the penalty of the bond to be discharged on the payment thereof. And more than twelve months after the rendition of the judgment aforesaid, in pursuance of notice from defendant, a motion was made in the cause to amend the entry of judgment on the record so as to make it a formal one for the penalty of the administration bond to be discharged upon the payment of the amount due. The motion was resisted by the plaintiffs, and the judge having drawn up and ordered it to be entered as the judgment that was intended to have been entered, an appeal is taken to this court.

Mr. *Platt D. Walker*, for plaintiffs.
Mr. *John D. Shaw*, for defendants.

DILLARD, J. The motion made was not within section 133 of the code, as the proposed amendment *nunc pro tunc* was of an informal judgment entered through no mistake, inadvertence or neglect of the defendants, and the relief asked is not within apt time as prescribed in that section. It could not be for the correction of an error in law in the judgment; for, taking it as a regular judgment, it was not within the power of the court to correct such error after the end of the term at which it was entered. *Wolfe* v. *Davis*, 74 N. C., 597.

Neither can the motion be considered as made to vacate an irregular judgment, which is settled to be one rendered contrary to the course and practice of the court. It was according to the course and practice of the court on confirmation of the report of the referee finding the net surplus for distribution in the hands of James A. Covington as administrator, to render the sentence or judgment of the law upon.

the facts found or admitted on the record and conformably thereto, for the recovery of the sums respectively due to the plaintiffs, and the judgment so to be entered is usually entered for the penalty of the bond as a security for the said shares and to be discharged on the payment thereof and the costs of the action. Bingham on judgments, vol. 13, Law Lib., p. 63; 1 William Saunders, 58.

Just such a judgment His Honor finds as a fact was intended to have been entered by the court, and by this we must understand that the judge omitted to make any judgment in writing (which it has been decided is not necessary) as no such claim is disclosed in the statement of the case, and further that he omitted to deliver orally any judgment at all, or if he did, that its terms were misconceived by the clerk and his entry thereof is incomplete and not true. And taking either of these suppositions to be the fact, had not the judge the power to make the amendment complained of?

In *Galloway* v. *McKeithen*, 5 Ired., 12, it is held that a court may amend any omission in the record of a previous term whether it be by act of the court or clerk.

In *Pendleton* v. *Pendleton*, 2 Jones, 135, it was allowed, in a petition for the sale of land of a ward to pay outstanding debts of the ancestor, to draw up and enter in proper form the orders and decrees of the court of which the clerk had only kept loose minutes; and in *Phillips* v. *Higdon*, Busb., 380, it is held that after a suit is determined, a court may allow an amendment when the same is for the purpose of correcting the omission and oversight of an officer in not making an entry as he ought to have made, as a matter of course and as a part of his duty.

Upon these authorities it follows, that if all other things were transacted in the action according to the course and practice of the court except the pronouncing of judgment by the court, it was competent to the judge *nunc pro tunc* to

have entered the proper sentence of the law, or if in fact a judgment was orally delivered and not entered at all or mistakenly entered by the clerk, it was within the power and duty of the court at a subsequent term, by way of making up the record so as to speak the truth, to amend by inserting the judgment which was delivered, or amend the one on the record by making it conform to the terms in which it was pronounced.

The existence of power in the court thus to amend is necessary, because it being decided that the requisition that the judge should sign his judgments is but directory, the entry of judgments by the clerk on the minutes or record of the court is, in legal import under our present system as it was under our former system, not the record or memorial of what the court did, but only as a memorandum from which a record can be made; and therefore in this case, the particular entry of judgment on the record ought not to conclude on the motion to amend, but be merely evidence to enable the court to make up the true record of what was transacted by the court.

In this case the judge finds that the judgment as entered is not the judgment intended by the court, and while it is not seen how the amendment can benefit the defendants or work any detriment to the plaintiffs, we think His Honor had the power to make the record speak the truth, and to that end might draw up and order to be entered on the record a judgment for the penalty of the bond declared on to be discharged on the payment of the sums found due the next of kin and interest thereon and the costs of the action, as was intended. According to the conclusion at which we have arrived, this court ordered in the case of *Farmer* v. *Willard*, 75 N. C., 401, an informal judgment to be corrected and formally entered several terms after its rendition.

There is no error, and the judgment of the court below must be affirmed. Let this be certified.

No error.                                        Affirmed.