SAMUEL RUFFIN and others v. C. B. HARRISON and others.

*Modification of Judgment—Rehearing.*

A rehearing will not be granted upon a summary motion to modify a final judgment of this court. See *ante,* 76.

    (*Moore* v. *Hinnant,* 90 N. C., 163, cited and approved.)

MOTION to modify judgment, heard at October Term, 1884, of THE SUPREME COURT.

*Messrs. Reade, Busbee & Busbee* and *J. B. Batchelor,* for plaintiffs.
*Messrs. Fuller & Snow* and *E. C. Smith,* for defendants.

MERRIMON, J. At this term of the court the defendants, Ellis and wife and Penelope Egerton, filed their petition to rehear, and they prayed therein that an injunction be granted restraining the collection of the execution heretofore issued in this case against them, pending the application to rehear. We denied the motion for an injunction, and our opinion in that respect (*ante,* 76) was taken as a strong intimation that the application to rehear would be denied upon the final hearing upon the merits.

The same parties then filed their other petition alleging that the defendant M. F. Harrison is liable for, and ought in equity to be required to pay, for their exoneration, the sum of money they are required by the final decree in this action to pay ; and they pray that the court will amend and modify its decree entered at the last term, so as to give the relief demanded.

We need not consider now, whether or not the petitioners might have the relief they demand in a proper action for that purpose ; or whether they might have litigated their

rights as against the defendant M. F. Harrison and had any measure of relief in this action before the final decree; because, the court has no power to amend or modify the final decree, entered at the last term, upon an application like this.

After final judgment, the court cannot disturb it, unless upon an application to rehear, or for fraud, accident or mistake alleged in an independent action; or, perhaps, in some cases, a party might be relieved against a "judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect," within a year after the entry of the same. THE CODE, § 274; *Moore* v. *Hinnant*, 90 N. C., 163. This of course does not imply that the court has not power to correct the entry of its orders, judgments and decrees so as to make them conform to the truth of what the court did in granting them, or to set aside an irregular judgment in a proper case.

The practical effect of granting the prayer of the petitioners would be to give them the benefit of a rehearing, upon a summary application to change the final decree at a term of the court subsequent to that at which it was granted. We are not aware of any rule of procedure or practice that warrants such action. The application must be denied, and the petition in this respect dismissed. It is so ordered.

Petition dismissed.