H. H. COOK, Adm'r, v. WM. E. MOORE, Exet'r.

*Amendment—Judgment of Supreme Court.*

1. Except upon an application to rehear, or because of "mistake, inadvertence, surprise or excusable neglect," as provided by statute, the Supreme Court has no power to amend its regular judgment, regularly entered, at a preceding term ; but it can amend a judgment improperly entered, or enter one which was not entered, or not properly entered, at a former term, when the Court intended and ought to have entered it.

2. It manifestly appearing that this Court, at a former term, determined to reverse a judgment of the Court below, but inadvertently an order of affirmance was made at the foot of the opinion filed by one of the Justices, for the Court, this Court will strike out that order, and enter one of reversal.

This was a MOTION to amend a judgment of the Court, inadvertently entered at October Term, 1886, (95th N. C., 1).

*Mr. R. B. Winborne*, for the plaintiff.
*Mr. R. B. Peebles*, for the defendant.

MERRIMON, J.   The plaintiff moved at the present term to strike from the records of this Court an entry made by mistake, as suggested, that purports to be a judgment, in its nature final here in this case, granted at October Term of

1886, affirming the judgment of the Court below, and to enter of record *nunc pro tunc* the judgment reversing that judgment which the Court had determined upon, and intended to enter, but failed by inadvertence so to do.

It is not contended that this Court can reverse, set aside, or modify in any material respect, a regular, final judgment, at a term thereof subsequent to that at which it was entered. It is clear and well settled, that it has no such authority, except upon an application to rehear, or because of "mistake, inadvertence, surprise, or excusable neglect," as may be allowed by statute. *Murphy* v. *Merritt*, 63 N. C., 502; *Mabry* v. *Erwin*, 78 N. C., 45; *Moore* v. *Hinnant*, 90 N. C., 163, and cases there cited; *Sebbald* v. *United States*, 12 Pet., 488; *Bank* v. *Moss*, 6 How., 31; *Bronson* v. *Schulten*, 104 U. S., 410.

It is just as well settled, however, that the Court has authority upon application, or *ex mero motu*, at all times in term, and it is its duty, to amend and correct its records so as to make them speak the truth and be consistent, and to make proper entries *nunc pro tunc*, that were certainly intended, but omitted to be made by mistake, accident, or inadvertence of the Court. Such authority is essential. Courts are not infallible; they, like all other earthly tribunals, are liable to make mistakes of fact that cannot be corrected in the ordinary course of procedure, and it would contravene every principle of reason and justice if they could not in some way correct them. The law contemplates that each Court can itself the better, the more certainly and accurately correct such its own mistakes than another Court, whether appellate or not. But such power should be exercised with great care and caution, and only upon clear and satisfactory proof, because, when entries are made in the course of the business of the Court, they are presumed to have been made upon careful consideration and to be correct, and, moreover, they import absolute verity while they are allowed to remain. *Farmer* v. *Willard*, 75 N. C., 401; *Wall* v. *Covington*,

83 N. C., 144; *Scott* v. *Queen*, 95 N. C., 340; *Strickland* v. *Strickland*, 95 N. C., 471; *Brooks* v. *Stephens*, *post*, 297; *Matherson* v. *Grant*, 2 How., 263; *Sheppard* v. *Wilson*, 6 How., 260; 2 Tidd's Pr., 932; 1 Will. on Exrs., 762, 763; 3 Chit. Gen. Pr., 101.

The mere entry in writing on the minutes of the proceedings of the Court from which the record is made up when need be, does not itself constitute the judgment; it is only evidence of it, and imports verity while it remains. But the judgment is the conclusion of the law, as determined and applied by the Court to the case before it, and it remains in the mind of the Court until it shall be truly entered of record. When the conclusion of the law in a case is thus reached, the Court cannot, after the term at which it was entered, interfere with it. At the end of the term, it passes beyond the control of the Court. But the entry of record must embody and be what the Court determined—decided, and what it intended should be so entered—otherwise, the judgment will not have been entered of record, and the Court may, at a subsequent term, enter it correctly *nunc pro tunc*. The Court cannot, at a subsequent term, amend, modify, or interfere with a regular judgment, regularly entered of record at a preceding term; it can correct, amend, or modify such a one improperly entered, or enter one which, through accident, mistake of fact, or inadvertence of the Court, was not properly entered, or not entered at the former term, when the Court intended to enter and ought to have entered it.

In the case before us, it is manifest from the opinion of the Court filed, prepared by the late Justice ASHE, that the Court had determined, and it was its mind and purpose, to reverse the judgment of the Court below, and grant a new trial, and to enter judgment accordingly. It also so appears from the memorandum made by the Court at the time the case was decided in conference of the Judges. The order of affirmance, made at the foot of the opinion, was a clear

inadvertence of the Court, and cannot be allowed to preju-
dice the plaintiff.   Through such inadvertence of the Court
its judgment was not entered, and it must be now.

The motion must be allowed, and it must be declared that
there is error.   The judgment of the Court below must be
reversed, and further proceedings had in the action there,
according to law.   To that end, the Clerk will certify this
opinion, and the opinion of the Court as delivered heretofore,
except the memorandum at the foot thereof, to the Superior.
Court; and direct the Clerk of the latter Court to return to
the office of the Clerk of this Court the certificate purporting
to be the certificate of the judgment of this Court.

It is so ordered.