MARY A. SUMMERLIN v. C. J. COWLES et al.

*Appeal—Notice— Correcting Records—Mistake—Inadvertence of the Court.*

Where this Court inadvertently appended to its opinion the words, "and a new trial must be had in the Court below, and we so adjudge," and, at the next term, upon its attention to this being called, correction was made without formal notice to the appellee: *Held,* he was not entitled, as a matter of right, to such notice, and especially when his counsel knew that a motion to correct the record on this point would be made, and the opinion itself gave him notice that the appended words were inadvertently added and not consistent therewith.

This was an appeal from a judgment rendered at March Term, 1890, of WILKES Superior Court, by *Merrimon, J.*

The facts are set out in the opinion.

*Mr. D. M. Furches* (by brief), for plaintiff.
*Mr. R. B. Glenn,* for defendant.

MERRIMON, C. J.: This case came before this Court by a former appeal at the September Term, 1888, and was then decided adversely to the defendant (101 N. C., 473). It appeared from the record in that appeal that "the jury found the issue in favor of the plaintiff, but the Court, being of opinion that, upon the facts proved, the plaintiff was not

entitled to recover, rendered judgment for defendant, and the plaintiff appealed." The decision of this Court was to the effect that the Court below erred, in that it gave judgment for the defendant, and it simply reversed the judgment of the latter Court. It was, however, added, by mere inadvertence, at the end of the opinion of this Court, after the words "the judgment is reversed," the other words, "and a new trial must be had in the Court below, and we so adjudge." At the next succeeding term of this Court, the counsel for the appellant in that appeal called the part of the order above mentioned, added by inadvertence, to the attention of the Court, and it at once corrected the mistake by striking out the words "and a new trial must be had." No special notice of this correction was given to the appellee (the present appellant) before the same was made, but his counsel of record, who had argued the case for him, had informal notice that the plaintiff's counsel would bring the matter to the attention of this Court.

The judgment of this Court, as so corrected, was duly certified to the Superior Court. It appears, among other things stated in the case settled on appeal, "that at Fall Term, 1889, of the Superior Court, the plaintiff moved for judgment upon the certificate of the Supreme Court, as thus amended, which was refused by the Court, the defendants' counsel stating that a petition was on file for a rehearing in the Supreme Court, which petition was afterwards refused. At March Term, 1890, the plaintiff again moved the Court for judgment, which motion is opposed by the defendants' counsel, on the ground that a new trial had been awarded by the Supreme Court at September Term, 1889, and that the subsequent proceedings in the Supreme Court were without notice to the defendants. Upon the verdict mentioned above in favor of the plaintiff, the Court gave judgment in her favor, and the defendants appealed to this Court." The appellants' exception seems to rest upon the unfounded

supposition that this Court had no authority, without special notice to him, to strike out of its order mentioned so much thereof as it did not intend to make or enter, and which was improperly entered by mere inadvertence. It certainly had such authority, and it was its duty to correct its records and make them speak the truth by inserting what did not appear, or striking out what improperly appeared. It might do so *ex mero motu*, or when the incorrect entry should be brought to its attention by the parties interested, or either of them, or any other person. The power of the Court for such purpose is inherent and essential. *Cook* v. *Moore*, 100 N. C., 294, and the cases there cited. When such mistake, by inadvertence, is that of the Court, as to its orders and judgments determined upon, and which it intended to enter, but failed to enter, according to its resolution and purpose, or entered improperly, and it had knowledge of the facts, or the mistake appeared by the record itself, notice to the parties to the action of the purpose of the Court to make the correction is not essential, because the Court, having heard the parties in the course of the action upon the merits, concerns itself to know what orders and judgments it will render, and to see that it enters the same truly, according to its resolution and purpose. The Court should, however, in such case, direct its proper officer to give the parties notice of such correction, if they were not still in Court. It would be better and safer, nevertheless, to give notice to the parties before any such correction is made, particularly if it be at all important.

The correction made by this Court complained of was properly made. It is manifest, from the statement of the case and the opinion of the Court in the former appeal, that it did not intend to direct that a new trial be had. The verdict of the jury, in favor of the plaintiff, remained upon the record undisturbed. No question as to it was raised by the exceptions. The Court below gave judgment for the defendant, notwithstanding the verdict. In that,

this Court held there was error. The opinion shows that the purpose of this Court was simply to reverse the judgment and let the Court below proceed to give a proper judgment in favor of the plaintiff, upon the verdict. Besides, the Judges of this Court had knowledge of the fact that the purpose of the Court was simply to reverse the judgment of the Court below. It was, hence, its duty to itself and to justice, without reference to the parties, to enter its judgment truly, and when it saw that by mere inadvertence an improper order, and one not intended, had been entered; to strike the improper part thereof from the record. Wherefore should the parties have been present to insist upon or oppose the correction? What could they have done to prevent the correction being made? What could the appellant have done to prevent the true entry? Nothing whatever. The case had been argued, and the Court simply proceeded to enter its judgment truly, as it had resolved to do. The appellant cannot justly complain that he did not have notice of the correction as made, so that he might have taken such steps after the judgment as he might do. He had notice. It appears that he applied to rehear the case, and his application was denied. He suffered no prejudice. The appellant's exception is to the judgment, and very general. So far as we can see, it was founded only upon the ground of objection already adverted to. As we have seen, this Court had decided the case adversely to him, and reversed the judgment in his favor. The verdict of the jury was in favor of the plaintiff, and the Court gave judgment (a proper one) in her favor. The appellant could not raise a second time the questions decided by this Court adversely to him. There was no occasion for a new trial of the issues of fact, nor had this Court granted such trial. It simply reversed the judgment given by the Court below, and it follows, as a consequence, that that Court should give a proper judgment in favor of the plaintiff, as it did do.

Judgment affirmed.