S. & B. SOLOMON v. ISAAC BATES, et al.

*Practice—Motion to Modify Opinion.*    .

A motion to modify an opinion of the Supreme Court by striking out a proposition of law stated therein, even though it be alleged that the part of the opinion sought to be corrected was not essential to the conclusion reached, the point in question having been discussed on the hearing and considered and decided by the Court, will not be entertained.

MOTION of defendants to modify the language of the opinion in the case between same parties, *ante.*

*Messrs. Aycock & Daniel, D. L. Russell* and *H. G. Connor,* for defendants.
*Mr. W. R. Allen, contra.*

CLARK, J. :   The opinion in this case having been filed and certified, the losing party served notice on the opposite side that on a day named he would move the Court to modify the opinion by striking out the words, "Indeed the directors are liable for the injury caused by relying upon the statement issued by them which they did not know to be true, as well as when they knew it to be false," and also the concluding words of the opinion, "As said above, it is not necessary that the directors should know that such reports are false.   It is their duty to know that they are true."

The respondent, in addition to replying to the motion on its merits, moves to dismiss the motion as being made contrary to the course and practice of the Court.   It is true that where there is a mere inadvertence as the entry of the conclusion, "a new trial," when the opinion showed that the proper conclusion should have been ".reversed,"

118—21

a motion of this kind will be entertained (*Summerlin* v. *Cowles*, 107 N. C., 459); or "affirmed" instead of "reversed," *Cook* v. *Moore*, 100 N. C., 294, or "new trial" instead of "remanded," *Scott* v. *Queen*, 95 N. C., 340, and indeed the Court would correct such errors *ex mero motu* if called to its attention in any way. But it was never contemplated that, by a motion of this kind, propositions of law stated in an opinion could be again brought up for discussion in this easy and off hand method, even though it be alleged by the mover that the part of the opinion sought to be corrected was not essential to the conclusion reached. To admit this practice would to a large extent repeal the restrictions which it has been found necessary to throw around the granting of rehearings by requiring the strictly worded certificate of two disinterested counsel and the endorsement of a member of the Court. The imperative necessity for adhering to these restrictions is pointed out in *Herndon* v. *Ins. Co.*, 111 N. C., 384. As a matter of fact, too, there was no inadvertence in this case. The point in question was presented in the oral argument of the cause and in the briefs filed by counsel, and was decided not only in this case but likewise in the three other cases of similar character against the officers of the same bank. *Townsend* v. *Williams*, 117 N. C., 330, and *Caldwell* v. *Bates*, and *Tate* v. *Bates*, at this Term. In the latter case the Court says: "The directors are conclusively presumed to know the condition of the bank. *Hauser* v. *Tate*, 85 N. C., 81; Morse, Banks, Sec. 137; *Finn* v. *Brown*, 142 U. S., 56; *United Soc.* v. *Underwood*, 9 Bush., 609, and other cases cited in *Solomon* v. *Bates*, at this Term. If the directors did not know the bank was insolvent, it was their duty to have known it. It was fraudulent in them to put forth official statements that the bank was solvent, when they did not know it to

be true; and they are liable to those who were deceived thereby into having dealings with the bank, or making deposits therein, for any losses sustained. If this were not so, the directors of a bank would be privileged to be negligent, and, the more ignorant they could manage to be about its condition, the more secure they would be from any liability." Thus the matter sought to be corrected is not a mere formal entry, erroneously made by inadvertence, but a deliberate decision of a proposition of law discussed on the hearing. This cannot be brought up for rediscussion upon a simple motion or notice to the opposite party.

Motion Dismissed.