In this case the Court, having found error in the instructions to the jury and to the rulings upon the admission of evidence, as pointed out by the exceptions, directed a new trial. This is a motion to correct the judgment and have the Court to enter a judgment here and reversing the judgment below. It is true that if this Court reverses or affirms the judgment below, it may in its discretion enter a final judgment here or direct it to be so entered below. By preference, and as a matter of convenience, the latter course is, unless in very exceptional cases, the course pursued, especially since Laws 1887, ch. 192, which provides that an appeal does not vacate, but *Page 443 
merely suspends, the judgment appealed from. To enter a final judgment here would necessitate the issuance of execution from this Court, which can be more conveniently issued from and returned to the court below.
It is true that when by inadvertence the opinion of the Court granting a new trial is closed with the entry "reversed," or viceversa, or in the case of any other inadvertence of like character, the Court, on motion, even at a subsequent term, will (711) correct the judgment to correspond with the opinion. Scottv. Queen, 95 N.C. 340; Cook v. Moore, 100 N.C. 294; Summerlin v.Cowles, 107 N.C. 459. But there could be no inadvertence in ordering a new trial in this case, since error was found in the rulings upon which the verdict was rendered. When the facts are settled by consent, or by case submitted on agreement, or the facts are found by the court, or even by a verdict, when the only error suggested is that, upon the facts found, taking them as conclusive and unexcepted to, a different judgment should have been entered by the court below, then this Court, if of that opinion, will adjudge that such judgment be reversed. But it is only in cases in which the facts are fixed, and the only controversy is that the judgment rendered upon such state of facts is erroneous, that this Court can adjudge "reversed." In the present case the errors affected the proceedings and went into and brought about an erroneous verdict. The mover, however, insists that the error is so vital that this Court can see that on its correction the verdict on the next trial must be for the opposite party. It may be so. It may also be true that on the next trial there may be amendments to the pleadings or new evidence brought forward. The Court cannot consider argument as to the possibility or probability of such changes. If the error declared by the Court is vital and irremediable, then on the new trial below the appellee will simply, in deference to our ruling, submit to a final judgment. This Court cannot enter or direct "judgment reversed" upon the assumption that the appellee will be compelled to take that course. When, on an appeal, error is found as to the proceedings anterior to and including the verdict, we can only declare error and order a new trial. When the error is solely in the judgment rendered upon an admitted or (712) ascertained state of facts, then and in such cases only can we order the judgment below to be reversed.
Motion Denied.
Cited: Holden v. Warren, ante, 328; Bernhardt v. Brown, 119 N.C. 506;Graham v. O'Bryan, 120 N.C. 464; Caldwell v. Wilson, 121 N.C. 473; Balkv. Harris, 122 N.C. 66; Parker v. Harden, ib., *Page 444 
113; Cooper v. Security Co., ib., 465; Bernhardt v. Brown, ib., 590;Ditmore v. Goings, 128 N.C. 331; McClure v. Fellows, 131 N.C. 517;Harris v. Quarry Co., 132 N.C. 1151; S. v. Marsh, 134 N.C. 187;Corporation Commission v. R. R., 137 N.C. 21; Cameron v. Power Co., ib., 102; Hollingsworth v. Skelding, 142 N.C. 252, 254; Matthews v. Fry,143 N.C. 385; Durham v. Cotton Mills, 144 N.C. 715; Vick v. Flournoy,147 N.C. 212; Lawrence v. Hardy, 151 N.C. 128; Warlick v. Reynolds, ib., 610; Jones v. Williams, 155 N.C. 193; State's Prison v. Hoffman,159 N.C. 570; Armstrong v. Kinsell, 164 N.C. 126; Johnson v. Whilden,166 N.C. 109.