## BOARD OF EDUCATION OF VANCE COUNTY v. TOWN OF HENDERSON.

(October 9, 1900.)

*Judgment—Supreme Court— Correction — Inadvertence — Records—Notice.*

Supreme Court may correct a judgment erroneously entered, at a former term, on notice to the opposite party.

ACTION by the Board of Education of VANCE County against the town of Henderson. Motion by plaintiff to correct judgment.

*T. T. Hicks,* for the motion.
*A. C. Zollicoffer* and *J. H. Bridgers,* in opposition to the motion.

FURCHES, J. This cause was before the Court at February Term, 1900, and is reported in 126 N. C. 689, and this is a motion by plaintiff to correct an erroneous entry of judgment

made by inadvertence of the Court. The defendant had notice of the motion, and was represented by counsel when the matter was taken up by the Court. Defendant contended that the Court had no power now to hear the motion, and moved to dismiss the same; but the Court, being of the opinion that it had the power to hear the motion, refused the defendant's motion to dismiss. *Summerlin v. Cowles,* 107 N. C., 459; *Cook v. Moore,* 100 N. C., 294.

In the order of Judge *Moore* referring this case to W. B. Shaw, Esq., he uses the following language:

"And thereupon the Court, having heard the evidence and argument of counsel, doth consider and adjudge: That the plaintiff's cause of action *is barred,* except for the period of three years next before the commencement of this action, and that the plaintiff is not entitled to recover of the defendant any fines, forfeitures, or penalties imposed or collected by the defendant town for the violation of the ordinances of the town.

"That the plaintiff is entitled to recover *all fines collected* by the town of Henderson and its officers since the three years prior to the bringing of this action, and all such fines imposed and collected hereafter,—that is, all fines imposed and collected by the town as aforesaid for violation of *laws of the State of North Carolina within said town."* (Italics are ours.)

We construed the first paragraph of the above quotation to limit the plaintiff's cause of action to three years prior to its commencement, and the last paragraph of the quoted matter as a direction or judgment that plaintiff was entitled to recover all the fines received by the defendant within that time.

So it appears to us that our inadvertence caused us to order that the judgment be affirmed, when it should have been error, and re-submitted to the referee to correct the account in ac-

cordance with the opinion of the Court. The Clerk of this Court will at once notify the Clerk of the Superior Court of Vance County of this correction in the order of the Court of February Term, 1900.

Motion allowed.