CHARLES D. NELSON v. PRISCILLA HUNTER, admx., et al.

(Filed 30 October, 1907).

**Appeal and Error—Motion to Correct Opinion—Res Judicata.**

> When matters on appeal from the Superior Court have been passed upon by the Supreme Court, this Court, upon motion to re-examine the entire record and modify the decree, has no power to amend or modify the final decree after its opinion has been certified down.

Motion in this cause heard in the Supreme Court.

*W. J. Peele* for defendants.
No appearance made in opposition to the motion.

BROWN, J. The defendants move the Court to re-examine the record in the above-entitled action and determine if they are not entitled to share with the plaintiff in the distribution of their intestate's estate. This cause first came before this Court at Spring Term, 1906, upon appeal from the judgment of the Superior Court. The entire record was reviewed, all the exceptions of defendants were passed upon, and the judgment of the lower court affirmed. 140 N. C., 599. At the succeeding term, in apt time, the defendants filed a petition to rehear, and, the petition having been favorably acted upon, according to our rules, the appeal was again heard, and after due consideration the original judgment was again affirmed, in an opinion filed 26 February, 1907 (144 N. C.).

In the original opinion it is said: "The plaintiff claims the

property as the only legitimate child of Jackie Nelson. The defendants claim to share with plaintiff as the illegitimate children of Jackie."

It would seem, from reading the original record in this case, that the question at issue was the right of the plaintiff to the entire estate of Jackie Nelson in the hands of the administratrix, to the exclusion of the defendants. The judgment of the Superior Court awarded it to plaintiff in the following language: "It is therefore ordered and adjudged that the said Charles D. Nelson is the only legitimate child of Jackie Nelson, and as such is entitled to the entire estate of his mother, Jackie Nelson, after the payment of the debts thereof and the costs of administration." This judgment, after due consideration of the several exceptions presented in the record, has been twice affirmed by this Court.

"It is, upon the hearing of this motion for the first time, contended" (quoting from the brief of the defendant) "that, in the case of real estate, the bastard can never inherit from the mother if she have legitimate issue, for the statute says: 'When there shall be no legitimate issue,' etc. But these words do not appear in The Code, sec. 1486 (Revisal, sec. 136), and it would, therefore, seem that the legitimate and illegitimate children would all share alike in the distribution of the personal estate of the mother. I do not find that this has been passed upon by the Court; therefore, it must be taken *cum grano salis.* Mordecai's Law Lectures, pp. 1187, 1188."

We regret that we are debarred from considering this interesting question, so ably presented in the argument of Mr. Peele; but the case passed out of this Court at the last term, when the petition to rehear was dismissed and the judgment of the Superior Court affirmed. We have now no jurisdiction over it, and no power to change or modify the final judgment of that court. This Court has said that "the Court has no power to amend or modify the final decree, entered at last term, upon an application like this. After final judgment,

the Court cannot disturb it, unless upon an application to re-hear, or for fraud, accident or mistake alleged in an inde-pendent action." Again: "The practical effect of granting the prayer of the petitioners would be to give them the benefit of a rehearing upon a summary application to change the final decree at a term of the Court subsequent to that at which it was granted. We are not aware of any rule of procedure or practice that warrants such action." *Ruffin v. Harrison,* 91 N. C., 398.

To same effect are *Cook v. Moore,* 100 N. C., 294; *Moore v. Hinnant,* 90 N. C., 163.

The motion is denied.