STATE v. SALISBURY ICE AND FUEL COMPANY.

(Filed 27 May, 1914.)

1. **Criminal Law—False Pretense—Connivance to Convict.**
   Upon a trial for false pretense it is no defense that the prosecuting witness "set a trap" for the defendant in the particular case, it being different from a conviction of larceny, where the deception is held to be a consent to take the article; for the absence of consent is an essential ingredient for a conviction of the latter offense.

2. **Appeal and Error—Criminal Action—Petition to Review—Motions—Newly Discovered Evidence—Supreme Court.**
   The Supreme Court can entertain a proper petition in a criminal action to "review the record and reconsider the opinion filed in the case before certification to the lower court on account of an alleged palpable oversight therein"; though in criminal cases a motion for a new trial for newly discovered evidence will not be allowed.

APPEAL by defendant from *Long, J.,* at September Term, 1913, of ROWAN.

*Attorney-General Bickett, Assistant Attorney-General Calvert, and A. H. Price for the State.*
*Linn & Linn for defendant.*

CLARK, C. J. This is a petition to "review the record and reconsider the opinion filed in this case before certification to the lower court, on account of an alleged palpable oversight therein." This is a criminal action in which the defendant is indicted for false pretense in obtaining money by means of short weight in coal. The petition to reconsider relies upon the evidence of the prosecutor, in that when he was asked, "Yet you

allowed the money to be paid the driver, thinking and feeling and knowing at the time that the ton of coke was at least 200 pounds short?" he answered, "To the best of my judgment."

This Court has uniformly held that "a petition to rehear, or to grant a new trial for newly discovered testimony, cannot be entertained in this Court in criminal actions." *S. v. Lilliston,* 141 N. C., 864, which reviews and approves *S. v. Jones,* 69 N. C., 16; *S. v. Starnes,* 94 N. C., 982; *S. v. Gooch, ib.,* 1006; *S. v. Starnes,* 97 N. C., 424; *S. v. Rowe,* 98 N. C., 630; *S. v. Edwards,* 126 N. C., 1055; *S. v. Councill,* 129 N. C., 511; *S. v. Register,* 133 N. C., 746; and *S. v. Lilliston* has itself since been cited and followed in *S. v. Turner,* 143 N. C., 643; *S. v. Arthur,* 151 N. C., 654; *Murdock v. R. R.,* 159 N. C., 132.

But this differs from a petition to rehear in that it is a motion to reconsider the opinion before it is certified down. In the evidence cited by the petitioner the question is mistaken for the answer. The answer does not say that before the witness paid for the coal he knew that it was less than a ton, but merely that it was so "to the best of his judgment." He further said in his evidence that he "had to buy from the defendant to find out whether it was or not (selling short weight)." He said he had been suspecting it all the time. Counsel for the defendant further asked the witness: "The very minute you looked at this coal that weighed 1,750 pounds, it was not necessary for you to take it to the scales?" To which the witness replied: "Yes, sir; to prove how many pounds; I had much rather have the weights than my judgment." All this shows that while the witness strongly suspected the defendant of selling short, he did not know positively that this was so until he had tested the matter on the scales. In fact, it was impossible for him to know beforehand as to his own purchase. All he really knew was that he was offered a ton of coal by defendant for $5, that the coal was sent to him for a ton, and that he paid the $5, and on weighing it he found that it was 250 pounds short. He also testified to several other instances in which he had bought coal from defendant for other parties, and when it came it was short weight by the scales, and that he sent the coal on to his customers, adding enough of his own coal to make up the weight.

The judge charged the jury: "A false pretense is a false rep-resentation of a subsisting fact, false within the knowledge of the person making the representation, calculated to deceive and intended to deceive, and which representation does deceive. . . . When this is made to appear—all these things are made to appear to the satisfaction of the jury and beyond a reasonable doubt—then the offense is what is called obtaining goods under false pretense." There was evidence sufficient to submit the case on these points to the jury, and the charge was unexception-able to the defendant in this respect.

While the charge included the expression "and did deceive," the latter expression means only that the defendant, by means of the false representation, procured the article. Revisal, 3432, requires merely that the person shall knowingly and designingly, by any false pretense whatsoever, obtain from any other person anything of value with intent to cheat. That section further pro-vides that it is not necessary to allege an intent to defraud any particular person or any ownership of the thing of value ob-tained nor to prove an intent to defraud any particular person; "but it shall be sufficient to prove that the party accused did the act charged, with an intent to defraud," and that amply appears in these sales made by defendant.

Nor was it different under the original English statute. In *Rex v. Ady,* 7 Carr. and P., 140; *s. c.,* 32 E. C. L., 469, it is held: "If a party obtains money by false pretense, knowing it to be false at the time, it is no answer to show that the party from whom he obtained the money laid a plan to entrap him into the commission of the offense."

This is followed by many cases in this country cited in the notes to *S. v. Littooy,* 17 A. and E. Anno. Cas., 292, which held: "It is no defense that the complaining witness solicited the de-fendant to perform the illegal operation charged in the bill with a view to having him prosecuted therefor." In the notes to that case, *ib.,* 295-298, numerous decisions are cited as to different offenses, upholding the above doctrine, among them Abortion, Counterfeiting, Disposing of bank notes with intent to defraud, False pretense, Selling obscene matter, and especially in Liquor Law violations, as to which it is held that "a person making an

unlawful sale of liquor is not excused from the consequences·
thereof because the sale was induced for the sole purpose of
securing evidence to be used in prosecuting the seller," citing
*Borck v. State* (Ala.), 39 So., 580; *Evanston v. Myers,* 172 Ill.,
266; *People v. Murphy,* 93 Mich., 41; *People v. Rush,* 113
Mich., 539; *S. v. Quinn,* 94 Mo. App., 59; *s. c.,* 170 Mo., 176;
*S. v. Lucas,* 94 Mo. App., 117; *Comrs. v. Backus,* 29 Howe Pr.
(N. Y.), 33; *S. v. Smith,* 152 N. C., 796; *DeGraff v. State,* 2
Okla. App., 519; *Tripp v. Flannagan,* 10 R. I., 128.

Another offense as to which there have been many decisions to
the above purport are prosecutions for using the mails illegally,
in which it was held: "It is no defense that the mails were so
used at the instance and solicitation of an officer of the Govern-
ment." *Grimm v. U. S.,* 156 U. S., 604; *Rosen v. U. S.,* 161
U. S., 29; *Andrews v. U. S.,* 162 U. S., 420; *Price v. U. S.,* 165
U. S., 311; *U. S. v. Duff,* 6 Fed., 45; *Bates v. U. S.,* 10 Fed., 99;
*U. S. v. Moore,* 19 Fed., 39.

In *Comrs. v. Backus,* 29 Howard Pr. (N. Y.), 33, which was
an action for a penalty for an unlawful sale of liquor, the Court
said: "The mode adopted by the plaintiff to bring to light the
malfeasance of the defendant had no necessary connection with
his violation of law. He exercised his own volition, independent
of all outside influence or control. Even if inducements to com-
mit crime could be assumed to exist in this case, the allegation
of the defendant would be but the repetition of the plea as
ancient as the world and first interposed in Paradise: 'The
serpent beguiled me and I did eat.' That defense was over-
ruled by the great Lawgiver, and whatever estimate we may
form, or whatever judgment we may pass, upon the character
or conduct of the tempter, this plea has never since availed to
shield crime or give indemnity to the culprit, and it is safe to
say that under any code of civilized, not to say 'Christian, ethics
it never will."

There are some offenses, as, for instance, larceny and bur-
glary, in which it is held that if the act is committed with the
consent of the owner the perpetrator' cannot be convicted; but
that is because it is no offense unless the act is done against the

owner's consent.  The difference between the cases like this and those cases in which the defense can be set up that the prosecuting witness was consenting to the act seems to be that where the owner of the property procures the offense to be committed and seduces or influences the perpetrator to do the act, then he cannot complain.  But where the offender commits the act of his own volition, and an officer, or other party, suspecting that the crime is being committed, sets a trap, as by furnishing money to buy whiskey that is being sold illegally, or, as in this case, bargains for an article which on being weighed proves to be short weight, or sends decoy letters through the mail to "trap" a person who is suspected of using the mails illegally, and in like cases, such conduct does not procure the offense to be committed, but the offender acts of his own volition, and is simply caught in his own devices.

In any aspect of the case, therefore, we see no reason to reverse our former decision.

Petition dismissed.