HALES-BRYANT LUMBER COMPANY v. D. F. BLUE AND W. H. SIKES.

(Filed 3 November, 1915.)

1. **Judgments—Excusable Neglect—Findings—Evidence—Appeal and Error.**
   The findings of the trial judge in setting aside a judgment thereon for excusable neglect are reviewable on appeal when not supported by the evidence.

2. **Same—Case Remanded.**
   Where the trial court has set aside a judgment for excusable neglect, finding that summons had been read to defendant, who had forgotten it because of disease; that the judgment had thereafter been obtained by default of an answer in the course and practice of the courts, and it appears that the defendant was a man of large business interests, a director in a bank, daily attending to his affairs, the case will be remanded for further findings in order that it may more definitely appear in what respect or to what extent the impaired physical condition of the defendant affected his memory, so that the Supreme Court may more intelligently pass upon the question presented.

APPEAL by plaintiff from *Allen, J.,* at May Term, 1915, of CUMBER-LAND.

*Rose & Rose, H. G. Connor, Jr., for plaintiff.*
*Oates & Herring and Averitt & Williams for defendant Sikes.*

CLARK, C. J. This is an appeal by plaintiff from an order setting aside, as to W. H. Sikes, a judgment taken at April Term of Cumberland on the ground of excusable neglect. The summons was duly served on the defendant Sikes and his codefendant Blue, on 14 July, 1913. The complaint was filed in apt time; no answer was filed by either of the defendants, and the cause was placed upon the calendar for trial at

1—170

April Term, 1915, and being reached in its regular order on the calendar, the plaintiff introduced proper evidence to support the allegations of the complaint. The jury found the issues submitted to them in favor of the plaintiff, and judgment was thereupon rendered accordingly. At the next term the defendant Sikes came in and moved to set aside the judgment on the ground of excusable neglect. He does not deny that the summons was served on him, but alleges that he has no recollection thereof, and he asked the court to set aside the judgment on the ground that he was not directly or indirectly connected or associated with his codefendant Blue in the sawmill business, and particularly not in the cutting of the timber sued for in this action, and averred that his failure to employ counsel to answer and defend was due to his physical condition, which has caused him to neglect to give proper attention to matters of business, which he sometimes overlooks and forgets; that he is solvent and has a full defense to said action. The defendant Sikes filed the affidavit of his codefendant Blue, that said Sikes had never at any time been interested with him in cutting the timber which was the subject-matter of the action, and the affidavit of two physicians that the defendant Sikes has been in such a condition physically that he would neglect and fail to give proper attention to business matters. The defendant Sikes tendered a bond with security in the sum of $2,500 to abide the final judgment in this action if the judgment should be set aside. The plaintiff filed the affidavit of J. W. Bryant that Sikes was interested with Blue in the transaction which was the subject-matter of this action, also the affidavits of J. Simpson Schenck and S. W. Cooper that they have had transactions with Sikes within the last two years, and that said Sikes is a director in the bank of which S. W. Cooper is president; that they have had business dealings with him; that he is a regular customer and depositor in the bank, is a man of large business interests, and is a good business man, fully capable of looking after his own affairs.

The court found that Sikes is a man in bad health and his mind so affected by disease that he does not remember important matters, and did not remember the service of the summons upon him; that his not asserting his defense in this action was due to his physical condition, which caused forgetfulness and neglect, and that he alleges meritorious defense to this action, *i. e.,* not being a partner with said Blue, and found that his "failure to appear and defend was on account of the causes above set out, and constitute in law and in fact inadvertence and excusable neglect."

In *Calmes v. Lambert,* 153 N. C., bottom of page 252, *Hoke, J.,* for the Court, said: "We must not be understood as holding that where an adult business man of sound mind and memory hears a summons properly read to him to attend a given term of the Superior Court and an-

swer the complaint or a judgment will be taken against him, he can be relieved from such judgment on account of surprise or excusable neglect under Rev., 513, because some local officer tells him that the summons is only a subpœna to testify in some other case."

It is true that we have held that the findings of fact by the judge on such motion will not be reviewed by us when there is any evidence to support them. But, in this case, we do not think there is evidence to support the finding that the failure of the defendant Sikes was due solely to his physical condition. It is true that the judge finds that he is in bad health, and that, consequently, his memory is not good, and that he is forgetful; but if that were sufficient cause to set aside a judgment in an action in which a defendant, duly served with summons, has failed to employ counsel, or give attention to it, bad health and forgetfulness will alarmingly increase.

Looking into the affidavits, we find that the defendant Sikes is a director in two banks, and that the president of one of these testifies that he is a competent business man, attending the meetings of the bank directors, taking part in the discussions, and he further testifies, as does also the manager of the Insurance and Realty Company, that he is prompt in meeting his business appointments and in complying with the terms of his transactions, and uses good judgment in protecting his large business interests, to which he gives close personal attention, and is fully capable of looking after his own affairs. It is true that the two physicians depose that the defendant has been in such a condition physically that he would neglect to give proper attention to matters of personal importance, and that its influence on him has been "of such a nature, at times, as to cause neglect, oversight, and forgetfulness as to his business affairs," but there is no evidence in the testimony of the physicians that shows the name or nature of the disease, or that it has rendered him either *non compos mentis* or unfit to attend to business.

There has been no effort on the part of his friends and relatives to have a guardian appointed for him; indeed, the testimony on his behalf is that he is still largely immersed in the transaction of business. The mere fact that he asserts that he has a good defense cannot avail unless it is first shown that there was excusable neglect which would justify setting aside the verdict. Even in such case the judgment would not be set aside unless a meritorious defense was shown.

Besides, in this case it appears that the judgment was not obtained until nine months after service of the summons, and that the cause had been regularly placed for trial on the calendar (which is usually published in the papers), was reached in regular course, and the evidence was submitted to the jury and a verdict duly found.

We will remand the case for a fuller and more complete finding of

facts by the court below, ascertaining definitely the nature of the disease; whether it deprived the defendant of memory and capacity to attend to his legal business; whether or not he was, at the time, attending to his duties as a bank director, and to his other large business interests, and whether his failure to attend to this matter was not really due to fatigue, superinduced by attention to his large business interests, and by failure to have competent assistance, or was due to such real impairment of his mental faculties as to render him incompetent to defend this action.

The owner of a judgment properly obtained has a valid interest which should not be impaired or set aside by reason of inattention of the other party, and failure to give the litigation proper attention. The defendant had due notice, in the manner the law requires, to attend court and answer the complaint. It is not sufficient to find that, owing to business worries, and large business interests, causing physical fatigue, he was forgetful. We think there should be a fuller finding of all the facts, that this Court may intelligently pass upon the legal ruling thereon, whether the defendant's negligence was excusable or not. Mere forgetfulness, due to the defendant giving his attention to more important matters, is not a sufficient excuse.

Remanded.