### M. F. TEETER v. SOUTHERN EXPRESS COMPANY.

(Filed 19 December, 1916.)

**Appeal and Error—Rehearings—Rules of Court.**

> In order to obtain a rehearing of a case in the Supreme Court it is necessary for the applicant to observe Rule 52 (amended 170 N. C., 1) and Rule 53 (164 N. C., 557) of the Court, and where he has failed to file the certificates of two disinterested members of the bar, indorsed by two members of the Court, the application will not be considered, except in certain instances where the Court may reconsider the case *ex mera motu.*

*J. W. Keerans for plaintiff.*

PER CURIAM. This is a petition to reëxamine our opinion in this case before it is certified down, and to order a reargument.

The rules for rehearing, which, as we have said, is in effect an appeal from this Court to itself, are set out in Rule 52 (since amended, 170 N. C., 1) and Rule 53 (164 N. C., 556). Among these requirements is that the petition shall be accompanied by the certificate of two disinterested members of the Bar of this Court and shall be indorsed by two members of this Court as a proper case for rehearing. These requirements, as well as the others therein set out, are absolutely necessary to prevent the Court from being overwhelmed with such applications.

It is probably very rarely the case that counsel who have lost agree with the Court in the result, and if in this speedy and shorthand method a rehearing in every case can be had even before the opinion is certified

down (by which time counsel might some times be more inclined to. assent to the correctness of the decision), it will require much of our time to reconsider our opinions as fast as they are filed.

It is possible that the opinion in a case of great public importance, or in which some patent error has been committed, should be held up by the Court *ex mero motu* for fuller examination or consideration upon the matter being called to our attention when irreparable damage would be done by the orderly procedure for rehearings, under our rules; but this case is not of that nature. It is like many other cases in which counsel are fully and sincerely convinced that the Court has made an error. In such case the losing party has his remedy by getting two disinterested counsel to examine the matter, and, if they agree with him, then to present his petition with their certificates to two judges of this Court, and if on consideration by them they indorse it for reconsideration the opinion will then be reconsidered by the Court, with or without argument, as the Court may order.

In the case relied on by the petitioner, *Robinson v. McDowell,* 125 N. C., 337, the Court was asked to withhold an opinion until counsel could prepare and file a petition to rehear, and the Court declined to grant the motion. In *S. v. Council,* 129 N. C., 511, we said: "An appeal to this Court is a right. Not so as to a petition to rehear (*Herndon v. Ins. Co.,* 111 N. C., 384; *Solomon v. Bates,* 118 N. C., 321), which is an appeal from this Court to itself, and only allowable *ex necessitate* when there is no other possible relief from its judgment."

We see no reason in this case to "put in above the ford." The petitioner can still proceed to make his application for a rehearing in the manner prescribed by the Rules of this Court.

Motion denied.