BERTIE BAKER v. GEORGE R. WEST.

(Filed 21 October, 1925.)

**Judgments—Motions—Findings—Appeal and Error.**

> Where judgment has been awarded in bastardy proceedings in conformity with C. S., 273, Laws of 1921, ch. 109, and upon defendant's motion in the Superior Court the judge has set the judgment aside upon sufficient evidence, the facts found accordingly are not reviewable on appeal to the Supreme Court.

APPEAL by plaintiff from an order of *Grady, J.,* 30 May, 1925, setting aside a verdict and judgment against the defendant. From CUMBERLAND.

*A. M. Moore for plaintiff.*
*E. C. Robinson for defendant.*

ADAMS, J.  The plaintiff caused a warrant to be issued charging the defendant with bastardy. Upon the trial before a justice of the peace judgment was rendered for the plaintiff and the defendant appealed to the Superior Court. At the March Term, 1925, in the absence of the defendant the issue of paternity was answered in favor of the plaintiff; whereupon it was adjudged that the plaintiff recover of the defendant and his surety the penal sum of the bond to be discharged upon payment to the plaintiff of $200 at stated times as the judgment provides. C. S., 273; Laws 1921, ch. 109. An execution against property was issued on this judgment and returned unsatisfied; and afterwards an execution against the defendant's person under which he was arrested. Failing to secure his release by *habeas corpus* the defendant made a motion to set aside the judgment against him and at the May term the motion was allowed, the judgment was vacated, and the cause was continued.

The defendant's motion was made for alleged inadvertence, surprise, and excusable neglect under C. S., 600. The trial judge fully stated the facts in the judgment and found that the defendant had not been negligent and that he has a meritorious defense. There was evidence to support the judgment, and the findings of fact under these circumstances are not reviewable in this Court. *Lumber Co. v. Blue,* 170 N. C., 1; *Gaster v. Thomas,* 188 N. C., 346.

The judgment is
Affirmed.