STATE v. WALLACE B. DAVIS, LUKE LEA AND LUKE LEA, JR.

(Filed 29 June, 1932.)

**Criminal Law L h—Petition to reconsider decision is available only in exceptional cases to correct patent error or prevent clear injustice.**

A summary motion to reconsider an opinion filed in a case before it is certified down to the Superior Court is not available in ordinary cases and will be allowed only for the purpose of correcting some patent error or to prevent a clear miscarriage of justice, and the motion is not available as a substitute for a rehearing, and a petition to reconsider which is but a reargument of the case and a criticism of the decision will be dismissed, the Court having been fully advertent to the questions presented by all of the assignments of error at the time of rendering the decision, and its failure to specifically mention some of the assignments in the opinion does not deprive the appellant of any rights thereunder, such exceptions being necessarily overruled, but each of them being considered in the determination of the case.

APPEAL by defendants from *Barnhill, J.,* at July-August Special Criminal Term, 1931, of BUNCOMBE.

Petition to review the record and to reconsider the opinion filed herein 15 June, 1932, *ante,* 13.

*Albert L. Cox, R. R. Williams and L. E. Gwinn for petitioners and Clyde R. Hoey also of counsel.*

STACY, C. J. This is a summary motion made under authority of *S. v. Ice Co.,* 166 N. C., 403, 81 S. E., 956, to reconsider the opinion filed in this case before it is certified down, and to order a reargument or to reverse the decision.

Counsel have misconceived the scope and purpose of the decision in the *Ice Company case.* It was not there intended to authorize such a motion as a substitute for a rehearing, or an appeal from this Court to itself, but only to correct some patent error, or to prevent a clear miscarriage of justice. *Teeter v. Express Co.,* 172 N. C., 620, 90 S. E., 927.

STATE *v.* LEA.

True, if by inadvertence the opinion of the Court should close with the entry "affirmed" when it was clearly intended to be "reversed," or *vice versa,* or in case of a mistake of like character, the Court, on motion, will correct the judgment to correspond with the opinion. *Bernhardt v. Brown,* 118 N. C., 701, 24 S. E., 527. Entries have been changed from "reversed" to "affirmed," from "new trial" to "remanded," and other modifications ordered so as to make the judgments correspond with what the Court actually decided. *Cook v. Moore,* 100 N. C., 294, 6 S. E., 795; *Summerlin v. Cowles,* 107 N. C., 459, 12 S. E., 234; *Solomon v. Bates,* 118 N. C., 321, 24 S. E., 746. In most if not all of these cases, it was held that the Court might proceed *ex mero motu,* but in *Durham v. Cotton Mills,* 144 N. C., 705, 57 S. E., 465, it was suggested, as the better practice, to do so only after notice to the party to be affected by the correction, especially if the change be material. *Summerlin v. Cowles, supra.*

This summary method of procedure is not available in ordinary cases, but only in rare and exceptional instances, just as a motion for new trial on the ground of newly discovered evidence made in the Superior Court at the next succeeding term following affirmance of judgment on appeal (*Allen v. Gooding,* 174 N. C., 271, 93 S. E., 740, *S. v. Casey,* 201 N. C., 620, 161 S. E., 81), would prove fruitless in the ordinary case, and may not be extended to permit a defendant, who has offered no evidence, to change his mind after losing, and thus seek to retrieve his supposed error by opportunity of another hearing. Both counsel and litigants are presumed to have been properly advised in preparing for trial, and it is only in the unusual case that this presumption will be overthrown. No court wishes to close the door against possible error occurring during the ordinary course of procedure, but the means employed to accomplish this end are safeguards against fallibility, and are not to be resorted to in every case. *Cook v. Moore, supra.*

If this shorthand method of reëxamining our opinions were permitted on debatable questions of law, it would be most unfair to the opposite side, for the motion is lodged without notice to opposing counsel and without certificate of error save from counsel representing the movants. *Ruffin v. Harrison,* 91 N. C., 398.

The present petition is but a reargument of the case and a criticism of the decision. The Court was fully advertent to the questions presented by the many assignments of error at the time the case was decided. Exceptions not specifically mentioned in the opinion were necessarily overruled, and the defendants have lost no rights by our failure to discuss them or to animadvert thereon.

The defendants themselves could hardly have thought that 300 fatal errors were committed on the·trial, and we were left to select the more important exceptions for consideration in the opinion. But all the assignments of error were considered. None was overlooked.

If slight inaccuracies as to dates of letters appear in the statement of the case, they are not regarded as material, and, in no event, could they have changed the result.

Petition dismissed.