In *Wilson* v. *Lineberger,* from Gaston :

SMITH, C. J. The plaintiff's counsel moves upon her affidavit of facts proved before the referee and annexing a copy of her own testimony, for a writ of *certiorari* to perfect the incomplete record before us at the last term, when the cause was argued and decided, with the intention, as is suggested, to ask for a re-hearing. We adverted in the opinion to the absence of the evidence before the referee and upon which his report was based, so that we were confined to his rulings upon the facts reported and the review of them by the court. 83 N. C., 524. The motion is a novel one and without precedent in the practice of the court. If the evidence shall change the aspect of the case and make it materially different from what it was when heard, we should be required *not to rehear and correct an error of law, but to try a new case.* If there is an error in the former decision it must be discovered in the case, then presented, without modification of facts. If the evidence desired does

not have the effect, it would be of no practical benefit to have the record completed as proposed. .

It was the duty of counsel to suggest the diminution before the cause was heard and then ask for this remedial process: not to wait till the decision and then demand it. It would be productive of much mischief to relax the salutary rule which requires counsel to see that their cause is properly before the court in the record, and to abide the consequences if it is not. The writ must be denied.

PER CURIAM.                                Motion denied.