J. H. SCROGGS, Adm'r of A. R. SIMONTON, v. J. H. STEVENSON, Adm'r of J. F. ALEXANDER, et al.

*Res judicata—Practice—Excepting.*

Where the Supreme Court passes *seriatim* upon a number of exceptions to a report, sustaining some and overruling others, the Court below should proceed in accordance with the respective rulings, notwithstanding the record of the entry in this Court should be that the judgment below was "affirmed." Such record is not such a judgment as needs to be amended in this Court, and such entry is not *res judicata.*

(*Cook* v. *Moore*, 100 N. C., 294, and *Summerlin* v. *Cowles*, 107 N. C., 459).

MOTION, heard before *Bynum, J.*, at November Term, 1890, of IREDELL Superior Court.

Among the exceptions heard by Judge Avery, and which Judge MacRae refused to rehear at previous terms, are the following, numbered 3 and 4. (See case reported, 100 N. C., 354).

"3. That the Judge of Probate has deducted from the general fund due the legatees the full amount of advancements made to J. B. Simonton, which exceeds his distributive share in said estate, and, instead of dividing the whole distributive share amongst all the legatees except said J. B. Simonton's heirs, he has deducted the said advancements of $1,353.33, and also the full amount of the distributive share of said J. B. Simonton from the general fund.

"4. It having been shown to the Judge of Probate that J. B. Simonton's advancements exceed his distributive share, and this fact appearing from his report, he should have divided the general fund of $7,752.51 into five equal shares, and to have excluded the distributees of J. B. Simonton from any *pro rata* of said estate."

The defendant M. V. McElwee, executrix of M. M. Alexander, being of the opinion that the Supreme Court had

sustained the two above exceptions of the testatrix, made the following motion:

"Defendant M. V. McElwee, executrix of M. M. Alexander, moves the Court that J. B. Simonton's share in the fund for distribution in the estate of A. R. Simonton be excluded from the account, inasmuch as he has been advanced largely in excess of his share, and that the division be confined to the other distributees in said estate in accordance with the decision of the Supreme Court rendered at February Term, 1888, and that said report be re-referred to J. H. Hill, Clerk Superior Court, with instructions to reform said report in accordance with said decision."

His Honor being of opinion the matter in these exceptions was *res adjudicata,* and that the Supreme Court had affirmed the actions of the former Judges, overruled said motion, and the defendant McElwee excepted, and appealed.

*Messrs. Armfield & Turner,* (by brief), for defendant.
*Mr. D. M. Furches,* for Simonton's heirs.

CLARK, J.: The only question presented by this appeal is, "Did this Court, at February Term, 1888, sustain exceptions three and four of M. M. Alexander to the report of J. B. Connelly?"

An examination of the opinion in 100 N. C., on p. 359, shows that the Court (SMITH, C. J.) sustained those exceptions in clear and unmistakable language. The Court below should, therefore, have allowed defendant's motion for a re-reference to correct the account in accordance with said opinion, the motion having been made in apt time. His Honor was probably misled by the words, "No error, affirmed," at the end of the opinion, which was a mere inadvertence arising doubtless from the fact that there were many exceptions which were all held against the appellant, save those two, and the case in the main was affirmed. This case

differs somewhat from *Cook* v. *Moore,* 100 N. C., 294, and *Summerlin* v. *Cowles,* 107 N. C., 459, in which there was a similar inadvertence in a case where the judgment here was in its nature final, and a motion was properly made and allowed in this Court to correct it. In the present case the Court ruled, *seriatim,* on several exceptions, sustaining two, overruling the others, and sending the case back for further action. The Court below should have followed the decision of the Court, and not the formal conclusion, and no motion here to correct was absolutely necessary, there being no final judgment, and the costs of the former appeal being properly adjudged.

Error.