### N. G. RAND ET UX. v. R. C. GILLETTE.

(Filed 24 September, 1930.)

**Estoppel B a—Party is estopped from maintaining position contrary to position taken in former action.**

Where creditors bring suit to set aside a debtor's encumbrance on land, alleging that the mortgage or deed of trust was not bona fide and that the note it secured had been paid, and the debtor files an affidavit in the action that the note had not been paid, the judgment in the suit works an estoppel against the debtor from maintaining in a suit to foreclose the same encumbrance that his affidavit was erroneous and that the debt had been paid contrary to his affidavit filed in the previous action. *Distributing Co. v. Carraway,* 196 N. C., 58, cited and applied.

APPEAL by plaintiffs from *Sinclair, J.,* at February Term, 1930, of JOHNSTON.

Civil action to restrain the defendant from foreclosing certain mortgages or deeds of trust on the ground that the debts secured thereby have been fully paid and satisfied.

A similar action was brought in 1929 by a judgment creditor of N. G. Rand, alleging that said instruments were not bona fide encumbrances, but that they had been paid, etc. N. G. Rand was a party to that proceeding, filed an affidavit denying the allegations of the complaint, and it was finally adjudged in said action that "the temporary restraining order be, and the same is declared dissolved and the said R. C. Gillette is hereby empowered to proceed to foreclose the said mortgages, after due advertisement, according to law."

N. G. Rand is now making the same contention that was made by his judgment creditor in the 1929 suit, to wit, that said instruments are not bona fide encumbrances, but have been paid in the same way the judgment creditor alleged in 1929 that they had been paid. It is not contended that they have been paid since the institution of the credi-

SMITH v. SMITH.

tor's suit, but plaintiff says he did not read the affidavit signed by him and used in that suit and that it contains a number of inferences which are "not accurate as stated therein."

His Honor held that the judgment in the prior action was a bar to the present proceeding, and dismissed the action. The plaintiffs appeal, assigning errors.

*James D. Parker and Wellons & Wellons for plaintiffs.*
*Leon G. Stevens and Abell & Shepard for defendant.*

STACY, C. J. The judgment must be affirmed on authority of what was said in *Distributing Co. v. Carraway,* 196 N. C., 58, 144 S. E., 535. A party is not permitted to take a position in a subsequent judicial proceeding which conflicts with a position taken by him in a former judicial proceeding, when the latter position disadvantages his adversary. *Hardison v. Everett,* 192 N. C., 371, 135 S. E., 288.

The plaintiff is face to face with the lesson, taught every day in the school of experience, that he cannot safely "run with the hare and hunt with the hound." He induced the court to adjudge the instruments in suit as valid and subsisting liens in 1929. If this were erroneous, as he now alleges, he has no one to blame but himself.

The plaintiff may have his remedy at law, but equity having heard him once will not listen to him now in reversal of his former position on the same subject. The doctrine of equitable estoppel is based on an application of the golden rule to the every-day affairs of men. It requires that one should do unto others as in equity and good conscience he would have them do unto him, if their positions were reversed. *Boddie v. Bond,* 154 N. C., 359, 70 S. E., 824. Its compulsion is one of fair play. *Sugg v. Credit Corp.,* 196 N. C., 97, 144 S. E., 554.

Affirmed.