HUNTER K. PENN AND E. E. EMERSON, RECEIVERS OF THE TWIN CITY
BUILDING AND LOAN ASSOCIATION, v. J. FRANK KING AND HIS
WIFE, KATE M. KING.

(Filed 27 January, 1932.)

1. **Trial D a—Where upon admissions in the pleadings the plaintiff is
   entitled to recover any amount the granting of a nonsuit is error.**

   Where on the admissions in the pleadings the plaintiff is entitled to
   recover any amount it is error for the trial court to dismiss the action
   as in case of nonsuit, and the fact that the defendant had tendered the
   amount admitted to be due with interest and cost to the time of filing
   answer, C. S., 896, and had paid it into court subject to the plaintiff's
   order does not vary this result.

2. **Building and Loan Associations D a—Amount paid on stock by borrow-
   ing stockholder should not be credited to debt upon insolvency of
   association.**

   Where in an action by a receiver of a building and loan association the
   issue is raised as to whether the defendant had made payments in
   monthly installments on the amount borrowed from the association or
   whether the payments were installments on stock purchased by him: *Held,*
   the issue should be submitted to the jury, and if it should find that the
   defendant was a shareholder he is not entitled to have the amounts
   paid by him on his stock credited to his indebtedness to the association.

APPEAL by plaintiff from *Warlick, J.,* at June Term, 1931, of ROCK-
INGHAM. Reversed.

This is an action to recover the balance due on a loan of money made
by the Twin City Building and Loan Association to the defendants on
16 April, 1921.

In their complaint, the plaintiffs allege that on 16 April, 1921, the
Twin City Building and Loan Association loaned to the defendants the
sum of $1,500, and that there is now due on said loan the sum of
$1,347.85, with interest from 21 June, 1930. They demand judgment
that, as receivers of the said association, they recover of the defendants
the said sum as the balance due on said loan.

In their answer, the defendants admit that on 16 April, 1921, the de-
fendant, J. Frank King, borrowed from the Twin City Building and
Loan Association the sum of $1,500. They allege that said loan was
payable in monthly installments, and that the said J. Frank King has
paid all the installments on said loan, except the installment amounting
to $27.45 due on 1 June, 1927. They allege that they have tendered to
the plaintiffs the said sum of $27.45 and have paid said sum into the
office of the clerk of the Superior Court of Rockingham County, subject
to the order of the plaintiffs.

PENN *v.* KING.

In their reply, the plaintiffs admit that monthly payments were made by the defendants to the Twin City Building and Loan Association, as alleged in their answer. They allege, however, that said monthly payments were not made on the loan to the defendants, but were made on shares of stock in the Twin City Building and Loan Association, which had been subscribed for by the defendant, J. Frank King. They further allege that the Twin City Building and Loan Association is now insolvent, and that as receivers of said insolvent Association they are now engaged, under orders of the court, in liquidating its affairs.

The defendants deny, for want of information and belief, that the Association is insolvent.

At the close of the evidence for the plaintiff, defendants' motion for judgment as of nonsuit was allowed, and plaintiffs excepted.

From judgment dismissing the action as upon nonsuit, plaintiffs appealed to the Supreme Court.

*J. M. Sharp and Allen H. Gwyn for plaintiffs.*
*Allan D. Ivie, Jr., and Shuping & Hampton for defendants.*

CONNOR, J. On the admissions in the pleadings in this action plaintiffs were entitled to judgment that they recover of the defendant, J. Frank King, at least, the sum of $27.45, with interest from 21 June, 1930, and the costs of the action. The tender alleged in the answer does not relieve the defendant, J. Frank King, from liability to plaintiffs for the amount admitted to be due on the loan to him by the Twin City Building and Loan Association, with interest and costs which accrued prior to the filing of the answer. C. S., 896. There was error in the judgment dismissing the action. For this reason, the judgment must be reversed.

The determinative issues raised by the pleadings in this action should be submitted to the jury. If the jury shall find from the evidence that the defendant, J. Frank King, is a shareholder of the Twin City Building and Loan Association and that said Association is insolvent, then the monthly installments paid by him to the Association should be applied to the payment of his dues as a shareholder, and not as credits on his indebtedness to the Association. *Rendleman v. Stoessel,* 195 N. C., 640, 143 S. E., 219. Otherwise, the payments should be applied on the indebtedness, and judgment rendered for the balance due. The judgment dismissing the action as of nonsuit is

Reversed.