THOMAS H. BRIGGS & SONS, INC., v. J. E. ALLEN, JOHN W. HUDSON, JR., RALEIGH BANKING & TRUST COMPANY, BANKERS REALTY COMPANY, AND NATIONAL SURETY COMPANY OF NEW YORK, GURNEY P. HOOD, COMMISSIONER OF BANKS, SUCCESSOR TO NORTH CAROLINA CORPORATION COMMISSION.

(Filed 19 September, 1934.)

1. **Appeal and Error F a—**

Where there is no exception to a finding of fact by the court, the fact so found will be assumed correct and the appeal determined in accordance with such finding.

2. **Laborers' and Materialmen's Liens B c—After notice to owner, amount due contractor is trust fund for materialmen for limited purposes.**

Where a material furnisher gives notice to the owner of his claim, and there is a sufficient sum due or to become due by the owner to the contractor under the terms of the contract to pay such claim, it is the duty of the owner to retain out of the funds due or to become due to the contractor a sum sufficient to pay the materialman, the amount due the contractor by the owner being considered a trust fund for the material furnishers giving notice for the purpose of enabling the materialmen to sue to have the fund so applied, and to attain a pro rata distribution of the fund to the materialmen.

3. **Same: Banks and Banking H e—Notice of materialman to bank owner does not entitle materialman to preference upon bank's insolvency.**

The fiction that the amount due a contractor by the owner after notice to the owner by material furnishers of their claims is a trust fund for the benefit of the materialmen will not be extended so as to give a materialman furnishing material for a building owned by a bank a preference in the bank's assets upon its later insolvency, especially where there is no

finding that the bank paid anything to the contractor after notice by the materialman, and no finding as to the amount of cash the bank had when taken over by the statutory receiver, the giving of notice by the materialman not augmenting the bank's assets.

**4. Banks and Banking H e—**

The mere fact that a bank at the time of its failure held trust funds does not in itself entitle the beneficiary to a preference in its assets.

**5. Same—**

Where a judgment is rendered against a bank after it has been placed in the hands of the statutory receiver, the judgment creditor is not entitled to a preference in the bank's assets merely by reason of the judgment.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Harris, J.,* at February Term, 1934, of WAKE.

The cause was referred to a referee, who stated the facts. Such facts as are pertinent to a decision of the principle of law involved may be capitulated as follows:

1. The Raleigh Banking and Trust Company, a banking corporation, and the Bankers Realty Company, a corporation, as owners, entered into a contract with John W. Hudson, Jr., contractor, for the erection of an eight-story addition to the bank building of said owner in the city of Raleigh.

2. The contractor, Hudson, thereafter entered into a subcontract with J. E. Allen, wherein Allen agreed to do all the plastering work in said building for a stipulated price.

3. The plaintiff is a mercantile corporation and on various days between 15 April, 1929, and 26 August, 1929, sold and delivered to said Allen certain materials and hardware, consisting of lime, plaster and other goods of the total value of $3,059.98. All of said material was used in the building.

4. On 8 August, 1929, the plaintiff gave notice to the contractor of the amount due it by Allen, and thereafter, on 26 August, 1929, Allen gave to the plaintiff an order upon the contractor for the payment of $2,708.01 on said account.

5. "Prior to 28 August, 1929, and prior to the final settlement between the owner and the contractor, plaintiff gave notice to said owner of its said claim, which notice was duly acknowledged. Notwithstanding said notice, the owner made final settlement with and paid to said contractor without reserving any sum for plaintiff's said claim or making payment to plaintiff."

6. On 6 February, 1920, plaintiff filed notice and claim of a lien against the property of the owner, and brought a suit in apt time to protect said lien.

The referee found that the plaintiff was entitled to recover of defendants, J. E. Allen, Raleigh Banking and Trust Company, Bankers Realty Company, and John W. Hudson, Jr., the sum of $3,059.98, with interest and cost for filing lien. It does not appear that any exceptions were filed to the referee's report, and subsequently, at the December Term, 1932, of Wake Superior Court, Hon. N. A. Sinclair, judge presiding, entered judgment in favor of plaintiff and against said defendants for the sum of $3,059.98, and said sum was adjudged a lien upon the land and premises of defendant from and after 28 August, 1929, "the date notice was given to the owner."

On or about 12 April, 1933, the plaintiff filed a petition in the cause, alleging that the Raleigh Banking and Trust Company was in process of liquidation by Gurney P. Hood, Commissioner of Banks, and praying "that an order be made in the within action allowing the plaintiff's judgment as a preferred claim in said liquidation." The defendant Gurney P. Hood filed an answer to said motion and petition, alleging that there were first and second mortgages or deeds of trust upon the property superior to the lien of the plaintiff, and further that plaintiff's judgment was not entitled to a preference over the claims of other creditors.

The petition and motion was heard by Judge Harris, who found that the title to the property "was held in the name of the Bankers Realty Company, the said Raleigh Banking and Trust Company being the owner of all the capital stock of said Bankers Realty Company, and the officers and directors of the two said corporations being the same." It was further found that the land and premises upon which the plaintiff had a lien "has been foreclosed and sold under a deed of trust executed prior to the aforesaid debt, and that the said material furnisher's lien was thereby destroyed; the court further finds as a fact, and so holds, that it was the duty of said Raleigh Banking and Trust Company, upon notice duly given as found by the referee and confirmed by the judgment rendered by his Honor, N. A. Sinclair. . . . to have reserved for the said material furnisher the aforesaid sum before a payment of the amount in excess of said sum which said bank then had on hand and due the subcontractor, J. E. Allen, . . . and that by virtue of the aforesaid notice the said Raleigh Banking and Trust Company became and was a trustee for Thomas H. Briggs & Sons, Inc., to the amount of $3,509.98, with interest, . . . and that the said Thomas H. Briggs & Sons, Inc., should have the right to be permitted to file a claim with Gurney P. Hood, Commissioner, . . . and that the said claim be allowed as a preferred claim."

From the foregoing judgment Gurney P. Hood, Commissioner of Banks, appealed.

*Briggs & West for plaintiff.*
*I. M. Bailey for Gurney P. Hood, Commissioner.*

BROGDEN, J.　Are funds in the hands of an owner bank, due or to become due to a contractor erecting a building for said bank, and thereafter disbursed after notice from a material furnisher, subject to a preference asserted by such material furnisher against the liquidator of the bank?

The plaintiff as a material furnisher gave notice to defendant bank on 28 August, 1929, that it had not been paid for material so furnished and used upon the property of the bank.　The referee in his report states "that defendants, Raleigh Banking and Trust Company and Bankers Realty Company, entered into a contract with defendant Hudson . . . for the erection of an eight-story addition to the bank building of said owner in the city of Raleigh."　There is no exception to this finding of fact, and it is therefore assumed that the bank was owner. When the notice was given by the material furnisher to the owner, it then became the duty of the owner to retain a sufficient sum due or to become due to the contractor by virtue of the terms of the contract to pay the claim of such materialman.　After such notice such sum is referred to by textwriters and in decided cases as a trust fund.　For instance, in *Foundry Co. v. Aluminum Co.,* 172 N. C., 704, 90 S. E., 923, this Court said that "when a lien upon the property is once acquired by giving notice, the amount due the contractor shall be distributed among the claimants pro rata.　The lien is acquired by notice to the owner, and not by filing with some officer, . . . and the amount due the contractor at the time of notice is not a debt due by the owner in the ordinary sense, but a trust fund."　To like effect is the statement in *Home Building, Inc., v. Nash,* 200 N. C., 430, 157 S. E., 134, as follows: "Such contract price is not deemed by the law to be a trust fund until notice has been given to the owner. . . . Moreover, the legal fiction of a trust fund after notice is designed exclusively for the purpose of enabling the claimant to share in the fund or proceeds undistributed and then remaining in the hands of the owner and due upon the contract price."　See, also, *Bond v. Cotton Mills,* 166 N. C., 20, 81 S. E., 936, and *Mfg. Co. v. Andrews,* 165 N. C., 285, 81 S. E., 418.

However, the trust imposed by giving notice is limited.　As the materialman has no contractual relation with the owner, the trust-fund fiction was resorted to in order to enable the claimant to maintain an action to have the fund applied to the claim.　The fiction was further designed for the purpose of distributing the fund pro rata among those entitled thereto.　Manifestly, it was not contemplated that such a limited trust could create a preference upon the general assets of an insolvent bank when it happened to be the owner of the premises.

Furthermore, there is no finding of fact as to how much was due the contractor by the bank on the date of notice. There is a finding that "both said contractor and said surety made substantial payments to various and sundry material furnishers, in amounts in excess of the amount due by said Allen to the plaintiff after the said notice of claim was filed by plaintiffs with said contractor and with said owner." But there is no finding that the bank paid anything to the contractor on the contract price after 28 August, 1929; nor is there any finding as to the amount of cash the bank had at the time the Commissioner of Banks entered upon the liquidation. No deposit was received by the bank in consequence of the notice and nothing occurred to swell the assets thereof in the hands of the liquidator by virtue of such notice. Indeed, the mere fact that a bank at the time of its failure held trust funds does not constitute in itself a preference in behalf of the beneficiary. *Bank v. Corporation Commission,* 201 N. C., 381; *Hicks v. Corporation Commission,* 201 N. C., 819.

The judgment was rendered after the bank was in the custody of the liquidator, and hence the principle pronounced in *Zachery v. Hood,* 205 N. C., 194, 170 S. E., 641, is not applicable.

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.