J. FRED THOMPSON, EMPLOYEE, AND F. C. THOMPSON, OCTAVIA THOMPSON, AND LUCY THOMPSON, FATHER, MOTHER, AND SISTER, RESPECTIVELY, AND NEXT OF KIN OF J. FRED THOMPSON, DECEASED, v. JOHNSON FUNERAL HOME, EMPLOYER, AND SUN INDEMNITY COMPANY, INSURANCE CARRIER.

(Filed 1 May, 1935.)

**1. Appeal and Error L a: Master and Servant F j—Superior Court may remand to Industrial Commission cause remanded by Supreme Court for judgment dismissing the proceeding for want of jurisdiction.**

Upon appeal to the Superior Court from an award of the Industrial Commission the question of jurisdiction of the Industrial Commission was raised for the first time. Defendants' challenge to the jurisdiction was not sustained and judgment was entered affirming the award of the Industrial Commission. Upon appeal to the Supreme Court the judgment was reversed and the cause remanded to the Superior Court for that the evidence of record showed that at the time of the injury in suit the employer regularly employed less than five employees, and that therefore the Industrial Commission was without jurisdiction. Before judgment was entered in the Superior Court upon the judgment of the Supreme Court, the Superior Court, upon motion supported by affidavits, remanded the cause to the Industrial Commission in order that it could hear evidence and ascertain the disputed jurisdictional fact. *Held:* The Superior Court had the power to so remand the cause.

**2. Master and Servant F i—**

A finding of the Industrial Commission in regard to the number of employees regularly employed by defendant employer, being jurisdictional, is subject to review upon appeal.

CLARKSON, J., concurring.

STACY, C. J., dissenting.

BROGDEN, J., concurs in dissent.

APPEAL by defendants from *Stack, J.,* at November Term, 1934, of IREDELL. Affirmed.

This is a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act.

The proceeding was heard in the Supreme Court at Fall Term, 1933, on defendants' appeal from a judgment of the Superior Court of Iredell County, at May Term, 1933, affirming an award of compensation made by the North Carolina Industrial Commission on 20 February, 1933. The judgment was reversed for the reason that it did not appear on the record that there was evidence tending to support the conclusion of Commissioner Dorsett, which was approved by the full Commission, that the parties to the proceeding are subject to the provisions of the North Carolina Workmen's Compensation Act. The evidence in the record

showed that at the time the deceased employee was injured, the employer had in his employment less than five employees. For this reason it was held that the North Carolina Industrial Commission was without jurisdiction of the proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act. See *Dependents of Thompson v. Funeral Home,* 205 N. C., 801, 172 S. E., 500.

When the proceeding was remanded to the Superior Court of Iredell County for judgment in accordance with the opinion of the Supreme Court, and while it was pending in said court, the plaintiffs moved the court to remand the proceedings to the Industrial Commission in order that said Commission may hear evidence and find specifically the number of employees in the employment of the defendant Johnson Funeral Home at the time the deceased employee was injured. This motion was supported by affidavits tending to show that the defendant had in its employment at said date more than five employees.

The motion was allowed, and the defendants appealed to the Supreme Court.

*Z. V. Turlington and Jack Joyner for plaintiffs.*
*Cochran & McClenaghan for defendants.*

CONNOR, J. The only question presented by this appeal is whether the judge of the Superior Court has the power to remand a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act, pending in said court on an appeal from an award made therein by the North Carolina Industrial Commission, after a judgment affirming said award has been reversed on an appeal to the Supreme Court, on the ground that on the record the Industrial Commission was without jurisdiction of the parties to the proceeding, in order that the Industrial Commission may hear evidence and ascertain the facts which determine its jurisdiction.

This question must be answered in the affirmative.

In the instant case, it appears from the record that the defendants did not challenge the jurisdiction of the Industrial Commission at the hearing before Commissioner Dorsett, or at the hearing before the full Commission. Its jurisdiction was challenged first in the Superior Court, where the proceeding was pending on defendants' appeal, on the ground that it appeared from the evidence set out in the record that at the time the deceased employee was injured, the employer had in its employment less than five employees. This challenge was sustained by the Supreme Court on defendants' appeal from the judgment of the Superior Court affirming the award of the Industrial Commission. When the proceeding was remanded to the Superior Court, and before

judgment was entered in said court in accordance with the opinion of the Supreme Court, the plaintiffs moved in said court that the proceeding be remanded to the Industrial Commission, in order that the facts with respect to the number of employees in the employment of the defendant at the time the deceased employee was injured might be ascertained by the Industrial Commission. The motion was allowed. In this there was no error. See *Byrd v. Lumber Co.,* 207 N. C., 253, 176 S. E., 572; *Ruth v. Carolina Cleaners, Inc.,* 206 N. C., 540, 174 S. E., 445; *Butts v. Montague Bros., post,* 186.

The question presented by this appeal was not involved in the former appeal in this proceeding. Nothing said by this Court in the opinion on the former appeal is inconsistent with the disposition of this appeal. We hold only that the judge of the Superior Court had the power to make the order remanding the proceeding to the Industrial Commission for the purpose stated in the order. When the proceeding has been remanded to the Industrial Commission, the Commission will determine, in accordance with its rules, whether it will hear evidence tending to show the number of employees in the employment of the defendant employer at the time the deceased employee was injured, and if it shall hear evidence offered by the plaintiffs, and find the facts to be as contended by the plaintiffs, will have the power to make such findings a part of the record in this proceeding. These findings of fact being jurisdictional, will be subject to review by the Superior Court. *Aycock v. Cooper,* 202 N. C., 500, 163 S. E., 569.

Affirmed.

CLARKSON, J., concurring: The record in this proceeding shows that Latta Johnson, the owner and proprietor of the Johnson Funeral Home, at the hearing before Commissioner Dorsett, was asked the following question: "How many men did you keep on duty all the time at your place of business?" His reply to this question, as shown by the record, was as follows: "I have employed three men other than myself, and I tried to keep at all times until a reasonably late hour in the evening, two men on duty to take care of the work. Mr. Thompson was on duty the night of 16 August, and I saw him that night."

This was the only evidence at the hearing tending to show the number of employees of the Johnson Funeral Home at the time the deceased employee was injured. This evidence did not show that the employer had in his employment at the time the deceased employee was injured as many as five employees. For this reason, it was held that the North Carolina Industrial Commission did not have jurisdiction of the parties to this proceeding, and the judgment of the Superior Court approving the award of the Industrial Commission was for this reason reversed.

The dependents of the deceased employee now ask that the proceeding be remanded by the Superior Court to the Industrial Commission, not that the employer may change his testimony, but that they may show the fact to be as the affidavits of the employer and his wife tend to show, that he had six regular employees in his employment at the time the deceased employee was injured. The name of each of these employees is set forth in the affidavits. I think it but just that the employer, who had complied with the provisions of the North Carolina Workmen's Compensation Act, with respect to insurance for the protection of his employees, shall have an opportunity to explain his testimony to the end that the insurance carrier shall not escape the liability which it has undertaken by reason of a technicality. I concur in the opinion of the Court, which is in accord with both the letter and the spirit of the Workmen's Compensation Act.

STACY, C. J., dissenting: An employer qualifies as administrator of the estate of one of his employees, brings a proceeding against himself before the Industrial Commission to recover of the insurance carrier, and loses on his own testimony, in consequence of which the proceeding is dismissed. *Dependents of Thompson v. Funeral Home,* 205 N. C., 801, 172 S. E., 500. He then seeks another opportunity to make out his case by changing his testimony. We said in our former opinion that the law would not assist him in this undertaking, as witness the following:

"Plaintiffs have had their day in court, and they have failed to make out their case. There was no motion in the Superior Court to remand when the jurisdiction of the Industrial Commission was first challenged. *Butts v. Montague Bros.,* 204 N. C., 389, 168 S. E., 215. Nor is the suggestion made here except as a *dernier ressort.* Ordinarily, parties to a suit are allowed but 'one bite at the cherry.' Having tried and failed, they are not entitled, as a matter of right, to go back and 'mend their licks.' Furthermore, it seems quite improbable that the plaintiffs would be able to show jurisdiction, even if given another chance, unless the employer, who appears to have qualified as administrator of the employee's estate and is now appealing from the judgment, should change his testimony. There comes a time when litigation should end."

This was said just a year ago. The Court now reverses its decision in order that the witness may change his testimony. It requires no gift of clairvoyance to perceive in advance the ultimate effect of such a *volte face.* There is no question of newly discovered evidence as in the case of *Butts v. Montague Bros., post,* 186; nor of an inadvertence or omission in the former record, as in *Roebuck v. Trustees,* 184 N. C., 611, 113 S. E., 927. It is a plain case of reversal on our part in derogation

of "the law of the case" and the stability of judicial decision, so that the plaintiff may have another chance—a privilege not usually accorded to litigants in this jurisdiction. In *Kannan v. Assad,* 182 N. C., 77, 108 S. E., 383, a party, who had sworn to his own hurt, was not permitted thereafter to change his position. Numerous cases might be cited to the same effect. *Rand v. Gillette,* 199 N. C., 462, 154 S. E., 746.

BROGDEN, J., concurs in dissent.