JOHN ARTHUR GASKINS v. GROVER C. LANCASTER.

(Filed 22 January, 1936.)

**Appeal and Error J a—Refusal to vacate judgment at instance of successful party alleging misinformation at time of trial, held not reviewable.**

In proceedings to establish the boundary line between the parties, judgment was entered in accordance with defendant's contentions, and the court surveyor ordered to run the line in accordance therewith.   Upon the coming in of the surveyor's report, defendant moved to set aside the judgment and resisted confirmation of the surveyor's report on the ground that he had been misinformed by the surveyor at the time of the trial as to where the line would run.   *Held:* The motion was addressed to the discretion of the court, and its ruling thereon is not reviewable.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Barnhill, J.,* at May Term, 1935, of CRAVEN.

Special proceeding to establish dividing line between the lands of plaintiff and defendant, adjoining landowners. ·

The matter was heard at the February Term, 1935, on appeal from the clerk, and resulted in a verdict establishing the beginning point of the dividing line between the lands of plaintiff and defendant at "C," as shown upon the map.   This was in accordance with defendant's

contention.   The court surveyor was thereupon directed to establish the line, beginning at said point, and following the calls in plaintiff's deed. The description in defendant's deed called for plaintiff's line.

On the coming in of the surveyor's report, the defendant resisted confirmation of said report and moved to set aside the judgment entered on the verdict at the February Term because, he says, the surveyor misinformed him at the time of trial as to where the line would run, starting at the point "C" on the map.   It does not appear from the record what representations were made by the surveyor to defendant and his counsel at the time of trial.   Apparently they were not made in open court.

The court declined the defendant's motion, and entered judgment of confirmation at the May Term, 1935, from which the defendant appeals, assigning errors.

*D. L. Ward and Dunn & Dunn for plaintiff.*
*Barden & Stith and R. E. Whitehurst for defendant.*

STACY, C. J., after stating the case:   Was it error, upon a *volte face* by defendant, to refuse to undo in May what was done at his instance in February?   The defendant invokes the sanction applied in *Thompson v. Funeral Home,* 208 N. C., 178, 179 S. E., 801.   Plaintiff relies upon the doctrine announced in *Rand v. Gillette,* 199 N. C., 462, 154 S. E., 746.   The motion was addressed to the sound discretion of the trial court, and is not reviewable on appeal.   *Goodman v. Goodman,* 201 N. C., 808, 161 S. E., 686.

Appeal dismissed.

DEVIN, J., took no part in the consideration or decision of this case.