DOGGETT LUMBER COMPANY v. PRESTON M. PERRY ET AL.

(Filed 4 May, 1938.)

1. **Tender § 2—Failure to accept tender under C. S., 896, works its withdrawal.**

When defendants tender judgment for a smaller amount on another and different liability from that alleged in the complaint, and plaintiff does not accept as provided by C. S., 896, the tender is thereby withdrawn, and upon judgment of nonsuit on the cause alleged, plaintiff is not entitled

to judgment for the amount tendered, there being no admission of liability in any amount upon the cause alleged. *Penn v. King*, 202 N. C., 174, cited and distinguished.

2. **Appeal and Error § 43—Petition to rehear for modification of judgment held precluded by plaintiff's election of remedies.**

Plaintiff, with knowledge of the facts, asserted a lien as a subcontractor under C. S., 2437. Upon ascertaining that the amount due the contractor was insufficient to pay its claim in full, plaintiff asserted a lien as a material furnisher under C. S., 2433, and in its action founded upon C. S., 2433, judgment of nonsuit was entered because of plaintiff's original election to proceed under C. S., 2437. The judgment as of nonsuit was affirmed on appeal. *Held:* Plaintiff's petition to rehear and for a modification of the judgment to take advantage of the provisions of C. S., 2437, is precluded by its second election to maintain the action under the provisions of C. S., 2433.

3. **Laborers' and Materialmen's Liens § 10—Where action under C. S., 2433, is dismissed, material furnisher may proceed under C. S., 2437.**

When plaintiff is estopped by its election in asserting a lien under C. S., 2437, from asserting a lien under C. S., 2433, and its action brought solely under C. S., 2433, is dismissed as of nonsuit because of such election, plaintiff's remedy is by instituting another action to recover for materials furnished the contractor and used in the construction of the building under C. S., 2437.

DEVIN, J., dissents.

SEAWELL, J., took no part in the consideration or decision of this case.

PETITION by plaintiff to rehear this case, reported in 212 N. C., 713.

The action is to recover $2,095.28 for materials furnished and used in the construction of a building and to enforce lien as provided by C. S., 2433.

Prior to filing of notice of lien, here sought to be enforced, plaintiff, with full knowledge of the facts, notified the defendants of its claim as a subcontractor under C. S., 2437. This claim was acknowledged, and defendants tendered judgment for $1,257.16, the amount then withheld and unpaid the contractor on the turn-key job. The plaintiff did not accept the tender of judgment as provided by C. S., 896, which worked its withdrawal, and again in open court refused to accept the tender after motion of nonsuit had been allowed. The judgment of nonsuit was affirmed on appeal, because of plaintiff's election of remedies. *Lumber Co. v. Perry*, 212 N. C., 713.

Thereafter, in the Superior Court plaintiff moved for judgment in the sum of $1,257.16 and order to enforce subcontractor's lien. This was resisted because of changed situation and intervening rights. The motion was denied and judgment entered on certificate dismissing the action. The plaintiff thereupon filed this petition for rehearing and for modification of the original judgment.

*Guthrie, Pierce & Blakeney for plaintiff, petitioner.*
*Taliaferro & Clarkson for defendants, respondents.*

STACY, C. J. The plaintiff declared on one contract for a stated amount. The defendants tendered judgment on another and different liability for a lesser amount. The tender was not accepted under the statute, C. S., 896, which put it at an end, and it was again refused in open court at the close of the evidence. The plaintiff elected to stand upon the cause of action set out in its complaint and lost. The modification which it now seeks was declined in the trial court and was not advanced on the original hearing here. 3 Am. Jur., 350. Its later motion in the Superior Court was resisted on the ground of rights subsequently intervening. By the same token that plaintiff's first election is binding, as originally held, it would seem that its second ought to prevent another *volte face* in the matter. ·The case of *Penn v. King,* 202 N. C., 174, 162 S. E., 376, is distinguishable.

If plaintiff's rights have seemingly become entangled in the net of form, due to its elections, we may say that its remedy is an action to recover for materials furnished the contractor and used in the construction of the building. C. S., 2437; *Briggs & Sons, Inc., v. Allen,* 207 N. C., 10, 175 S. E., 838; *Foundry Co. v. Aluminum Co.,* 172 N. C., 704, 90 S. E., 923. The complaint in the present action covers only one cause of action.

Petition dismissed.

DEVIN, J., dissents.

SEAWELL, J., took no part in the consideration or decision of this case.