MARY B. GORHAM v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA.

(Filed 8 March, 1939.)

1. **Appeal and Error § 22—**

    The record imports verity, and the Supreme Court is bound thereby.

2. **Appeal and Error § 43—Petition to rehear for asserted misinterpretation of record is dismissed, it appearing that the record was correctly construed.**

    On the appeal in this action to recover on a policy of accident insurance it was held that the judgment as of nonsuit granted for forfeiture for failure to give notice and proof of death was error, and that the acquiescence of the parties in the ruling of the trial court that the evidence was sufficient to be submitted to the jury on the question of accidental death within the coverage of the policy precluded defendant insurer from maintaining on appeal that the judgment as of nonsuit should be affirmed on that ground, the appeal being governed by the theory of trial.  Defendant filed this petition to rehear, asserting a misinterpretation of the record, and claiming that throughout the trial it had consistently urged a nonsuit on the dual grounds of noncoverage and forfeiture, and that the judgment as of nonsuit was entered on both grounds.  *Held:* A careful review of the record, and the remarks of the court, printed by consent in defendant's brief, further strengthened by remarks in the oral argument upon appeal, discloses that the record was properly interpreted, and the petition to rehear is dismissed.

3. **Appeal and Error § 20—**

    An application for *certiorari* will be denied when not made until after the appeal has been decided by the Supreme Court.

**4. Same—**

A motion for *certiorari* to bring up the entire remarks of the trial judge relative to the phase of the record applicant asserts was misinterpreted cannot be allowed when it appears that the parties agreed that applicant should print in its brief "all or any part" of the judge's remarks, the agreement being binding on the courts as well as on the parties.

**5. Same—**

Petition for *certiorari* is denied in this case because not made in apt time and because precluded by prior agreement of the parties in regard to the record, but the Supreme Court has nevertheless examined the entire remarks of the trial court, urged as disclosing a misinterpretation of the record in .the decision of the Court, and has found nothing that would have changed the result, a full examination disclosing that the record is and was as it was intended to be.

BARNHILL, J., did not participate in the rehearing of this case.

DEVIN, J., dissenting.

PETITION to rehear this case reported in 214 N. C., 526, and application for *certiorari.*

*L. L. Davenport and W. H. Yarborough for plaintiff, respondent.*
*Battle & Winslow for defendant, petitioner.*

STACY, C. J.  The burden of the petition to rehear is that the Court has misinterpreted the record, or, if not, the record should be corrected and clarified to make it speak the truth, and as thus amended, reconsidered.  In its initial allegation the petition is not unlike the one filed in *Cook v. Mfg. Co.,* 183 N. C., 48, 110 S. E., 608.  Beyond this the analogy ceases.

*First.*  Exception is taken to the holding that the theory of the trial precluded any consideration on appeal of whether the case was one for the jury on the issue of accidental death or death through accidental means, and to the statement that in respect of this matter the defendant had executed a *volte face* between the trial and appellate courts.  Defendant asserts that it has consistently and at all times urged a nonsuit on the dual grounds of suicide and failure to give immediate notice of insured's death, and that the judgment was entered on both grounds.

As to this, let the record speak.  It imports verity and we are bound by it.  *S. v. Dee,* 214 N. C., 509.  At the close of plaintiff's evidence, the defendant interposed a motion for judgment as in case of nonsuit, which was overruled.  The court and counsel then engaged in the following discussion:

"By the court: Now, our Supreme Court, in a case in 212 N. C., 640, recently has held that where a suit is brought upon an insurance policy which insures generally against all forms of death, except suicide, the

insurer has the burden of proof to satisfy the jury if it can, by the preponderance of the evidence, if it can, of the exception, that it is suicide. So far as I know, our Court has not passed upon the question of the burden of proof in an accident policy which insures only against accidental death. The court is of the opinion that in a case of this character the burden of proof is upon the plaintiff to satisfy the jury by the greater weight of the evidence, if it can, that the death was accidental. That is a condition precedent to liability. Now, in addition to that, the Court has used this language and particularly the Supreme Court of the United States—the fact of violent death, without more, creates a presumption, or if it does not create a presumption, it creates an inference of death by accident rather than by suicide, and if it does and that inference or that presumption is not rebutted by the plaintiff's evidence, it would appear it is a case for the jury. Now, if you gentlemen wish to debate the proposition of law that I have laid down, I would be very glad to hear you, and then you can also state the facts. I call on Mr. Winslow first. If you think that is the correct law then I will hear from you if there is sufficient evidence to rebut the presumption or inference.

"By Mr. Winslow: I think you are right on the law.

"By the Court: Do you gentlemen wish to debate the law?

"By Mr. Davenport: We think you have the law. We have two cases that elaborate on your Honor's statement of it. That is our contention.

"By the Court: I am not asking either side to abide by my statement of the law, but both of you are of the opinion now that the law stated by the court is correct.

"COUNSEL FOR BOTH THE PLAINTIFF AND THE DEFENDANT STATE THAT IT IS."

The foregoing is all that appears in the record on the subject. It was inserted by the trial court at the time of settling case on appeal when he allowed the defendant's 10th exception to plaintiff's "statement of case," and it should have appeared "immediately after the motion for nonsuit and before the overruling of the motion." The transcript discloses no subsequent reversal or modification of the announcement. Nor does it contain any suggestion that in the opinion of the court the permissible inference arising from the evidence of violent death was later rebutted by plaintiff's rebuttal testimony. The printing of the last sentence or paragraph in large type rather indicated a purpose to emphasize the fact therein stated as an important circumstance in the case, or at least that it was one which should not be overlooked.

We are told in defendant's brief, and the matter was called to our attention on the argument, that "the defendant wanted the judgment of

the trial judge included in the record but it was excluded by the judge upon settlement of the case on appeal on the ground that the plaintiff ought not to have to pay for printing it and upon the statement, assented to by plaintiff's counsel, Mr. Yarborough, that the defendant might print the same in its brief if it so desired."

That portion of the judge's remarks, thus incorporated in the defendant's brief by consent of plaintiff's counsel, appears in the dissenting opinion on pages 537 and 538 of the 214 Report. These remarks refer exclusively to the failure to give notice. Hence, taking these latter remarks of the judge in connection with his previous announcement that the permissible inference arising from the evidence of violent death, unless rebutted by plaintiff's evidence, would seem to require the aid of a jury on the issue of accidental death or death through accidental means, readily acquiesced in by counsel on both sides as a correct statement of the law, we think the interpretation heretofore placed upon the record is, not only the one naturally induced thereby, but also the one fully supported by the record as it appears. Indeed, it may be doubted whether the record admits of any other interpretation. The denial of the motion to nonsuit at the close of plaintiff's evidence necessarily involved the holding that plaintiff's evidence had not rebutted the permissible inference of accidental death or death through accidental means arising from the evidence of violent death. Then when it later appeared from the remarks of the judge as quoted in defendant's brief that in his opinion the plaintiff had "fatally failed to give notice . . . of loss," the interpretation seemed irresistible. Having concluded that plaintiff's failure to give immediate notice of the death of the insured was fatal, it was not necessary to decide the case on any other ground. One fatality was enough.

Nor is this all. It is recalled that defendant's counsel in concluding his argument before us on the issue of coverage, did so with the remark, "but that is not my strongest point," and then passed to a discussion of the question of forfeiture or failure to give notice. In reply, plaintiff's counsel called attention to the defendant's change of front on the issue of coverage, and in support thereof, directed our attention to that portion of the record above set out, reading it in full. We were left with the impression that the suggestion was not challenged. Such a shift is not an uncommon occurrence as many cases in the Reports will attest. For example, see *Lumber Co. v. Perry,* 213 N. C., 533, 196 S. E., 831; *Weil v. Herring,* 207 N. C., 6, 175 S. E., 836; *Potts v. Ins. Co.,* 206 N. C., 257, 174 S. E., 123; *Holland v. Dulin, ibid.,* 211, 173 S. E., 310; *Rand v. Gillette,* 199 N. C., 462, 154 S. E., 746; *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339; *Walker v. Burt,* 182 N. C., 325, 109 S. E., 43, and cases there cited.

GORHAM v. INSURANCE Co.[*]

It will be observed that in the interpretation of the record, the Court was a unit, there being no disagreement as to the theory of the trial. See first paragraph of dissent on page 536. It is also noted that in the certificate of counsel, accompanying the petition to rehear, they say: "From the record as amplified and clarified by the letter from the trial judge, and the complete oral judgment of the trial court, now brought to the attention of the Supreme Court by the petition to rehear, it appears," etc. Certificates of error are usually based upon the record as it appears here. The language used in the majority opinion is not different from that appearing in other cases. We had in mind only the rights of the parties as revealed by the record. The opinion is susceptible of no other interpretation. There was no fictive or supposititious establishment of "the law of the case" on the issue of coverage.

*Second.* Simultaneously with the filing of the petition to rehear, the defendant gave notice of application for *certiorari* to bring up the entire remarks of the judge, if deemed necessary to make clear its position of consistency.

The following quotations from the pertinent decisions will suffice to dispose of this application:

1. "We have never entertained an application for the writ (of *certiorari*) after the argument has commenced, and surely not after the case has been submitted, taken into conference and decided by the Court, and certainly not except under extraordinary circumstances." *Walker, J.,* speaking for the Court in *Todd v. Mackie,* 160 N. C., 352, 76 S. E., 245.

2. "If the defendant had proper ground for a *certiorari,* he should have moved for it before the cause was reached for argument. *S. v. Rhodes,* 112 N. C., 857. He will not be allowed to obtain a delay of six months by his own laches in this regard." *Clark, J.,* speaking for the Court in *S. v. Harris,* 114 N. C., 831, 19 S. E., 154.

3. "The suggestion of counsel that, if against the appellant, we award him a writ of *certiorari* in order that a case may be properly prepared and sent up, cannot be entertained when the merits of the case are presented for adjudication. The application should be made before the trial, and if the appellant fails to make it and goes to trial he must abide the consequences." *Smith, C. J.,* speaking for the Court in *McDaniel v. Pollock,* 87 N. C., 503.

4. "It is too late for a *certiorari* after the case has been decided on appeal." Syllabus of *Wilson v. Lineberger,* 84 N. C., 836.

In its last analysis, however, the complete answer to the defendant's present move is, that the record is as it was intended to be (with the exception of a slight rearrangement, not material). By consent or agreement the defendant was permitted to print in its brief "all or any part" of the judge's remarks. It elected to print only a part. This

agreement is binding on the courts as well as on the parties. *S. v. Dee, supra.* Nothing has been overlooked. The suggestion or implication is that we examined the transcript a little too closely. The parties ought not to object to a careful perusal of the record. *S. v. Blackburn,* 80 N. C., 474. To go back and amplify it now and hear the case again would be to take "another bite at the cherry." *Dependents of Thompson v. Funeral Home,* 205 N. C., 801, 172 S. E., 500. In the meantime, other rights have intervened.

Moreover, it should be remembered there is no concession on the part of the plaintiff that the case has been decided "upon a sham issue," or "upon a supposed state of facts which does not exist," nor yet upon a misconception of the record. *Cook v. Mfg. Co., supra; S. v. Marsh,* 134 N. C., 184, 47 S. E., 6. These are allegations of the defendant, and plaintiff says they rest only in allegation. She further says that the interpretation heretofore placed upon the record "was and is absolutely correct"; that it accords with the theory of the trial, and that the transcript admits of no other interpretation.

The case is unlike *Miller v. Scott,* 185 N. C., 93, 116 S. E., 86, where, by agreement, the parties were permitted to correct an inadvertence and supply an omission in the record; nor is it similar to *Thompson v. Funeral Home,* 208 N. C., 178, 179 S. E., 801, where an unusual procedure was followed.

The application for *certiorari* will be denied.

*Third.* Notwithstanding the rules and decisions applicable to the situation, we have examined the judge's complete remarks, as attached to the petition to rehear, and may say that we find nothing in them which would have changed the result of our decision had they been before us in their entirety.

*Fourth.* The remainder of the petition consists of a critical analysis of the opinion and the authorities cited therein.

We adhere to our original position that on the record as presented. the case is one for the jury.

The costs will be taxed against the petitioner.

*Certiorari* denied. Petition dismissed.

BARNHILL, J., did not participate in the rehearing of this case.

DEVIN, J., dissenting: To the ruling of the Court in dismissing the petition to rehear, and reaffirming the former decision of the case reversing the nonsuit, I respectfully note my dissent. My reasons were fully set forth in dissenting opinion filed in the case and reported in 214 N. C., at page 535.